Howard Wisnia, Esq. (SBN 184626)
E-mail: hwisnia@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile:  (858) 314-1501

Marvin S. Gittes, Esq.
E-mail: mgittes@mintz.com
Timur E. Slonim, Esq.
E-mail: tslonim@mintz.com
Peter F. Snell, Esq.
E-mail: psnell@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, NY 10017
Telephone:  (212) 692-6800
Facsimile:   (212) 983-3115

Ronald E. Cahill, Esq.
E-mail: rcahill@nutter.com
Heather B. Repicky, Esq.
E-mail: hrepicky@nutter.com
NUTTER, MCCLENNEN & FISH, LLP
Seaport West
155 Seaport Boulevard,
Boston, MA 02210
Telephone: (617) 439-2000
Facsimile:   (617) 310-9000

Attorneys for Defendant
AMERICAN TECHNICAL CERAMICS CORP.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRESIDIO COMPONENTS, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> AMERICAN TECHNICAL CERAMICS CORP., <br><br> Defendant and Counter-Claimant. | Case No. 3:14-cv-02061-H-BGS <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANT ATC'S MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY** <br><br> Hearing:     October 5. 2015,10:30 a.m. <br> Courtroom: 15A, 15th Floor <br> Judge:        Hon. Marilyn L. Huff |

## I. PRELIMINARY STATEMENT

Defendant American Technical Ceramics Corp. ("ATC") hereby moves the Court, pursuant to Fed. R. Civ. P. 16(b)(4), to modify its Scheduling Order to permit limited fact discovery after the October 2, 2015 fact discovery cutoff date. [Dkt. 61, ¶17.] This modification will allow ATC to obtain limited but necessary fact discovery from the makers of test equipment and simulation software employed by Presidio's experts to establish infringement. Because Presidio will only provide information concerning the specific tests, test equipment, and software, its experts will use or have used in conjunction with expert discovery, without modification of the Scheduling Order, ATC will be denied access to crucial information relevant to its defenses of non-infringement and indefiniteness. Moreover, good cause exists to amend the Order because ATC has diligently sought this information and can obtain it through no other means. The trial date and other deadlines would remain unchanged.

## II. BACKGROUND

Presidio alleges that the accused ATC 550 capacitors infringe the patent-in-suit because they have external contacts that are "sufficiently close" so as to form fringe-effect capacitance. This allegation begs the question of how one physically tests for or simulates fringe-effect capacitance. The '356 patent is silent on what measurement instruments and techniques ought to be used to measure fringe-effect capacitance. [Slonim Decl., Ex. 1.] And it discloses neither the software nor the

1

necessary set of assumptions and conditions to be used to simulate fringe-effect capacitance. [*Id.*] As a result, ATC has been diligently seeking this information from Presidio in fact discovery. For example, ATC's Interrogatory No. 7 requests Presidio to "[d]escribe in detail the test(s), test fixture(s), method(s), equipment, and procedure(s)" for determining fringe-effect capacitance. [Slonim Decl., Ex. 2 at 8.] Presidio's only response was that fringe-effect capacitance could be determined

> by analyzing the thickness and geometry of the external contacts, the separation distance of the external contacts, and the dielectric and dielectric constant between the external contacts, and undertaking electric field modeling to assess flux lines.

[Slonim Decl., Ex. 3 at 14.] To date, Presidio has otherwise refused to provide any requested detail until its expert issues his expert report on infringement, which under the Scheduling Order must be served on October 5.

Recognizing that fact discovery closes on October 2 and that Presidio already identified Dr. Huebner as its infringement expert, ATC requested at the end of July that Presidio "identify (i) the name of the software package and/or hardware required to undertake such electric field modeling and (ii) any other equipment that Presidio or its expert will use to demonstrate that ATC's 550 capacitors have fringe-effect capacitance between their contacts." [Slonim Decl., Ex. 4] Under the guise of premature discovery of experts, Presidio refused to provide this vital information during fact discovery. [Slonim Decl., Ex. 5 at 3]

2

Thus, Presidio will only disclose this information *after* the October 2 close of fact discovery in conjunction with its expert report on October 5 or perhaps, even later, during the deposition of its expert sometime after the report but before November 23.  As a result of the time constraints imposed by the current Scheduling Order, ATC will have *no* opportunity to obtain fact discovery from the makers of the test equipment and simulation software employed and will be handicapped from investigating whether Presidio's expert's use of that particular equipment and software is appropriate to test, measure, and conclude that fringe-effect capacitance exists in the 550 capacitors.  Thus, ATC seeks a limited modification of the Scheduling Order to permit it to take fact discovery of the makers of test equipment and simulation software used by Presidio's expert in his infringement analysis.

### III.   LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); Dkt. 61, ¶35 ("The dates and times set forth in this tentative scheduling order will not be modified except for good cause shown.").  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

3

## IV. DISCOVERY FROM MAKERS OF TEST EQUIPMENT AND SIMULATION SOFTWARE IS RELEVANT

As a threshold matter, fact discovery directly from the manufacturers of test equipment and simulation software utilized by Presidio's expert is highly relevant. It could show that Presidio's expert is not using the equipment correctly or drawing unsupportable conclusions from test results given limitations of the equipment. For example, ATC will seek discovery from the manufacturer of any capacitance meter used by Presidio's expert. Such discovery will show, among other things, that a capacitance meter is not designed to measure fringe-effect capacitance separately from overall capacitance. ATC also needs to take similar fact discovery from the provider of any modeling software or other equipment that Presidio's expert employs to demonstrate infringement by ATC's 550 capacitors. The capabilities and constraints of such test equipment and software to show and measure fringe-effect capacitance—separate and apart from total capacitance—is critical to ATC's defenses of both non-infringement and indefiniteness.

## V. ATC HAS DILIGENTLY SOUGHT THIS INFORMATION DURING FACT DISCOVERY

Because testing for fringe-effect capacitance is critical, ATC began seeking information from Presidio concerning this testing early in the case. First, ATC sought testing information when it served its Interrogatory No. 7 on January 21, 2015. [Slonim Decl., Ex. 2 at 8] Other than providing a broad-brush response,

Presidio refused to provide the requested testing details, objecting that it would be "premature discovery of experts." [Slonim Decl., Ex. 3 at 13]

Second, in May 2015, ATC challenged Presidio's objection to providing meaningful information concerning the testing of ATC's capacitors in its infringement contentions. [Dkt. 74.] Presidio claimed that it need only state that the 550 series of capacitors have external contacts spaced apart and that fringe-effect capacitance exists. Any further information concerning "how" and "where" the accused products embody the fringe-effect capacitance element Presidio alleged constitutes premature discovery of experts. Because ATC's motion was unsuccessful, it still has no information concerning the means by which Presidio has or intends to test the 550 capacitors for fringe-effect capacitance. Moreover, in a second motion to compel responses to Interrogatory Nos. 11 and 12 [Dkt. 88], now fully briefed and *sub judice*, ATC seeks details respecting how Presidio determined that its own BB capacitors do not have fringe-effect capacitance and thus do not practice the invention of the '356 patent despite highly similar structure to the 550 capacitors. Again, Presidio has refused to provide such discovery.

Third, once Presidio identified its infringement expert to ATC, ATC requested Presidio to provide testing and test equipment information and supplement its response to Interrogatory No. 7 pursuant to its obligation under Fed.

5

R. Civ. P. 26(e).  [Slonim Decl., Ex. 4]  Here again, Presidio refused to answer, maintaining its position that it would be "premature discovery of experts." [Slonim Decl., Ex. 5 at 3]

Fourth, as the next best alternative, ATC served subpoenas on Keysight Technologies, Inc. and Ansys, Inc., the leading makers of typical test equipment and simulation software used to measure or simulate electrical parameters of capacitors.  (To date, neither party has identified any test equipment which is specifically directed to fringe-effect capacitance or capacitors.)  ATC seeks information concerning the limitations of conventional capacitor test equipment and software especially with respect to fringe-effect capacitance or capacitors particularly where their construction is as unusual as that of the 550 capacitors. Given that Presidio is keeping ATC in the dark as to what equipment and software its expert is using and how, this is the most ATC can presently accomplish during fact discovery.[1]

Fifth, ATC is filing this motion at the earliest possible time while fact discovery is still open.  There is still time for fact discovery from test equipment manufacturers under the Court's Scheduling Order if Presidio were to provide the

---

[1] There is no guarantee that ATC has correctly guessed the correct manufacturer, the correct type of equipment, and the correct model number (and there are hundreds of them).  And even if ATC has correctly guessed the manufacturer in the case of Keysight and Ansys, it is still unlikely that ATC can predict the manner of use by Presidio's expert's, thus requiring additional discovery.

predicate information now.  Presidio's inability or refusal to do so weighs in favor of granting ATC's request for a limited extension of fact discovery.  *See Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011) (whether the adverse party was responsive to discovery requests is a factor to consider when deciding whether to amend the case schedule).

In sum, ATC seeks leave to serve subpoenas for documents and depositions on the test equipment and simulation software manufacturers whose products were or are used by Presidio's expert.  ATC will serve subpoenas on them within 2 days of receipt from Presidio of their identities and the identities of the equipment and software used.  If Presidio does not further delay providing this predicate information[2] and the manufacturers reasonably cooperate with ATC, ATC will work diligently to complete this limited but crucial fact discovery, and supplement its expert reports based thereon, by November 18, which is before the close of expert discovery on November 23, 2015.  Thus, no deadlines, including the trial date, would need to be modified.

## CONCLUSION

Since Presidio will only disclose which test equipment and simulation software its expert used, and how it was used after the October 2 fact discovery

---

[2] The Court should require Presidio to specifically provide this info on October 5 with Presidio's opening expert report on infringement.

7

cutoff, the Court should extend ATC's time to conduct fact discovery of such test equipment and simulation software after October 2.

| | |
|---|---|
| Dated:  September 1, 2015 | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY  AND POPEO PC |
| | By  s/ Marvin S. Gittes         Marvin S. Gittes, Esq.         (mgittes@mintz.com) |
| | Attorneys for Defendant AMERICAN TECHNICAL CERAMICS CORP. |
| | *OF COUNSEL:* Marvin S. Gittes, Esq. E-mail: mgittes@mintz.com Timur E. Slonim, Esq. tslonim@mintz.com Peter F. Snell, Esq. E-mail: psnell@mintz.com **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.** 666 Third Avenue New York, NY 10017 Telephone:  (212) 692-6800 Facsimile:   (212) 983-3115 |
| | Ronald E. Cahill, Esq. E-mail: rcahill@nutter.com Heather Repicky, Esq. E-mail: hrepicky@nutter.com **Nutter, McClennen & Fish, LLP** Seaport West 155 Seaport Boulevard, Boston, MA 02210 Telephone:  (617) 439-2000 Facsimile:   (617) 310-9000 |

8