**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRESIDIO COMPONENTS, INC., | Case No.  3:14-cv-02061-H-BGS |
| Plaintiff, | **PRETRIAL ORDER** |
| v. | |
| AMERICAN TECHNICAL CERAMICS CORP., | |
| Defendant. | |

Pursuant Civil Local Rule 16.1(f)(6), IT IS ORDERED:

**1.    NATURE OF ACTION** – Civil Local Rule 16.1(f)(6)(c)(1)

This is an action for patent infringement brought by Plaintiff Presidio Components, Inc. ("Presidio").  Presidio alleges that Defendant American Technical Ceramics Corp. ("ATC") has infringed and continues to infringe United States Patent No. 6,816,356 ("the '356 patent"), entitled "Integrated Broadband Ceramic Capacitor Array."  Presidio alleges that ATC literally infringes claims 1, 3, 5, 16, and 18-19 of the '356 patent ("Asserted Claims") by ATC's manufacture, use, offer for sale, sale, and/or importation into the United States, of capacitors referred to as 550 series capacitors.  Presidio also alleges that ATC has induced infringement of the '356 patent.  Presidio also alleges that ATC's infringement is willful.  Presidio is seeking monetary damages.

ATC has alleged that each of the Asserted Claims of the '356 patent is not infringed.  ATC has also denied that the alleged infringement was willful, and that Presidio is entitled to any damages.

The Parties have other claims and defenses that are to be decided by the Court.

**2.    CAUSES OF ACTION TO BE TRIED** – Civil Local Rule 16.1(f)(6)(c)(2)

The following is a list of causes of action to be tried[1]:

1. <u>Presidio's cause of action for infringement by ATC</u>.  (Dkt. No. 170, at 6-11).  The elements of this claim: proof that each limitation of each Asserted Claim is found in the Accused Products.  Damages are in the form of lost profits, but in no event less than a reasonable royalty.

---

[1] Presidio has listed the causes of action to be tried to the jury.  It is Presidio's position that, after that trial, ATC's cause of action on invalidity, ATC's equitable defenses (laches, equitable estoppel, and equitable intervening rights), and Presidio's request for an injunction are to be tried to the Court.  It is ATC's position that all evidence on all causes of action and all issues are to be presented at the trial beginning on April 5, 2016 regardless of whether that evidence underlies a question to be decided by the jury or a question to be decided by the Court.

1

Presidio also requests permanent injunctive relief.

ATC's defenses are that at least one limitation of each Asserted Claim is not found in each of the Accused Products. ATC also contends that the patent-in-suit is invalid under 35 U.S.C. § 112 and that Presidio's infringement claims are barred by laches and equitable estoppel. ATC further contends that Presidio's damages claims are barred by the doctrine of equitable intervening rights and, in no event, shall be more than a reasonable royalty. ATC also contends that Presidio cannot meet the standard for entry of permanent injunctive relief.

2. Presidio's cause of action for induced infringement by ATC. (Dkt. No. 170, at 6-11). The elements of this claim: proof of knowledge on the part of ATC that ATC's customers' use of the Accused Products constitutes patent infringement. Damages are in the form of lost profits, but in no event less than a reasonable royalty. Presidio also requests permanent injunctive relief.

ATC's defenses are that at least one limitation of each Asserted Claim is not found in each of the Accused Products. ATC also contends that the patent-in-suit is invalid under 35 U.S.C. § 112 and that Presidio's infringement claims are barred by laches and equitable estoppel. ATC further contends that ATC did not know that its customers' use of the Accused Product constitutes patent infringement. In addition, ATC contends that Presidio's damages claims are barred by the doctrine of equitable intervening rights and, in no event, shall be more than a reasonable royalty. ATC also contends that Presidio cannot meet the standard for entry of permanent injunctive relief.

2

3. <u>Presidio's cause of action that ATC's infringement is willful</u>.  (Dkt. No. 170, at 6-11).  The elements of this claim: ATC acted despite an objectively high likelihood that its actions constituted infringement and this objectively-defined risk was either known or so obvious that it should have been known to ATC.

ATC's defenses are that at least one limitation of each Asserted Claim is not found in each of the Accused Products.  ATC also contends that the patent-in-suit is invalid under 35 U.S.C. § 112.  ATC denies that it acted despite an objectively high likelihood that its actions constitute infringement and that this objectively-defined risk was either known or so obvious that it should have been known.  ATC contends that, as a matter of law, Presidio cannot establish willful infringement of the claims prior to December 8, 2015.

4. <u>ATC's cause of action of non-infringement</u>.  (Dkt. No. 171, at 26).  The elements of this claim: proof that at least one limitation of each Asserted Claim is not found in each of the Accused Products.

Presidio's defense is that each limitation of each Asserted Claim is found in the Accused Products.

5. <u>ATC's cause of action of invalidity of the '356 patent</u>.  (Dkt. No. 171, at 26-27).  The elements of this claim: proof that each Asserted Claim, when read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.

3

Presidio's defense is that each Asserted Claim, when read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention.

**3.  WITNESSES** – Civil Local Rule 16.1(f)(6)(c)(3)

<u>The witnesses Presidio actually expects to call at trial to the jury:</u>

<u>Lambert Devoe.</u>  Mr. Lambert Devoe is expected to testify about his background with capacitors and their applications, and his time, skill and effort used to develop capacitors.  He will also testify regarding Presidio's business operations, the '356 patent, and solutions the patent provides.  He will also testify regarding Presidio's production, production capability, marketing, marketing capability, sales, costs, and profits of Presidio and its products.  He will also testify regarding the inventions claimed in the '356 patent.

<u>Alan Devoe.</u>  Mr. Alan Devoe is expected to testify about his background with capacitors and their applications, and his time, skill and effort used to develop capacitors.  He will also testify regarding Presidio's business operations, the '356 patent, and solutions the patent provides.  He will also testify regarding Presidio's production, production capability, marketing, marketing capability, sales, costs, and profits of Presidio and its products.  He will also testify regarding the inventions claimed in the '356 patent.

<u>Thomas W. Humphrey.</u>  Mr. Thomas Humphrey is expected to testify regarding the prosecution and issuance of the '356 patent, and the prosecution of the patent to which it claims priority.  Mr. Humphrey may testify regarding patent

property being asserted by Presidio, including the Reexamination Certificate of the '356 patent.

- ATC objects to the testimony of Mr. Humphrey to the extent that Presidio seeks to solicit testimony from him as an undisclosed patent law expert.

Gunter Vorlop.  Mr. Vorlop may testify regarding his industry knowledge and experience.  Mr. Vorlop may testify regarding Presidio's sales and marketing of its Buried Broadband capacitor products.  Mr. Vorlop may testify regarding Presidio's customers and competition between Presidio and ATC.  Mr. Vorlop may testify regarding the impact of ATC's infringement of the '356 patent on the market for Presidio's products.

Vincent Thomas (expert).  Mr. Thomas is expected to testify regarding the matters set forth in his expert reports, including potential damage theories in the event of a determination of infringement.  Mr. Thomas may testify about, among other things, Presidio's damages claims, including its claim for lost profits.  Mr. Thomas may also testify regarding his opinions as to the proper amount of monetary relief that should be awarded to Presidio.  Mr. Thomas may also testify about the opinions expressed by ATC's experts, including Dr. Woods.

Dr. Wayne Huebner (expert).  Dr. Huebner is expected to testify regarding the matters set forth in his expert reports, including his opinions on infringement of the '356 patent by the 550 series capacitor.  It is also expected that Dr. Huebner may testify in rebuttal to ATC's positions regarding infringement of the '356 patent.   Dr. Huebner is also expected to testify about the opinions expressed by ATC's experts, including Drs. Ulrich and Schaper, including that the '356 patent is definite and valid to the extent the Court allows such testimony before the jury.

John Mruz.  Mr. Mruz is expected to testify regarding demand for products relating to the '356 patent, and needs of customers and consumers of capacitors.  He

is expected to testify regarding ATC's knowledge of the '356 patent.  Mr. Mruz is also expected to testify regarding the design, development, and manufacturing of the 550 series capacitor and other ATC capacitors.  Mr. Mruz is also expected to testify regarding testing of the 550 series capacitor undertaken by ATC.

- ATC objects to Presidio's attempt to use in this trial the deposition testimony of Mr. Mruz from the 335 Case.  ATC contends that the 335 Case is not relevant to this litigation, which involves a different product and different patent claims.  Moreover, ATC made Mr. Mruz available for deposition in this litigation, and Presidio deposed Mr. Mruz on the record for approximately eight hours.

Andrew Ritter.  Mr. Ritter is expected to testify regarding demand for products relating to the '356 patent, and needs of customers and consumers of capacitors.  He is expected to testify regarding the 550 series capacitor and ATC's knowledge of the '356 patent.  Mr. Ritter is also expected to testify regarding the design, development, and manufacturing of the 550 series capacitor and other ATC capacitors.  Mr. Ritter is also expected to testify regarding testing of the 550 series capacitor undertaken by ATC.

- ATC objects to Presidio calling Mr. Ritter as a hostile witness in its case-in-chief.  Presidio did not designate testimony from Mr. Ritter's deposition and he is not subject to the subpoena powers of this Court under Fed. R. Civ. P. 45(c)(1)(A) or (B).  If ATC calls Mr. Ritter live, it will agree to hold open Presidio's case so that it may examine Mr. Ritter during ATC's case-in-chief.

Stephen Rabe.  Mr. Rabe is expected to testify regarding customer demands.  He may also testify regarding competition between ATC and Presidio.  Mr. Rabe is also expected to testify regarding ATC's replacement of the 545L capacitor with the 550 series capacitor.

Evan Slavitt.  Mr. Slavitt is expected to testify regarding ATC's position regarding infringement and market competition.  Mr. Slavitt is expected to testify regarding ATC's knowledge of the '356 patent, patent rights relating to the technology claimed in the '356 patent, and ATC's prior knowledge of the '356 patent, including through its past infringement of the '356 patent.

- ATC objects to Presidio calling Mr. Slavitt as a hostile witness in its case-in-chief.  Presidio did not designate testimony from Mr. Slavitt's deposition and he is not subject to the subpoena powers of this Court under Fed. R. Civ. P. 45(c)(1)(A) or (B).  If ATC calls Mr. Slavitt live, it will agree to hold open Presidio's case so that it may examine Mr. Slavitt during ATC's case-in-chief.

Stacey Melendez.  Ms. Melendez is expected to testify regarding ATC's costs and profits.  Ms. Melendez is expected to testify regarding the replacement of the 545L capacitor with the 550 series capacitor.

The additional witnesses Presidio does not expect to call at trial to the jury, but reserves the right to call:

Andrew Wight.  Mr. Wight is expected to testify regarding customer demand and needs of customers and consumers of capacitors.  He is expected to testify regarding the 550 series capacitor.

- ATC objects to Presidio calling Mr. Wight in its case-in-chief.  Presidio did not designate testimony from Mr. Wight's deposition and he is not subject to the subpoena powers of this Court under Fed. R. Civ. P. 45(b)(1)(A) or (B).

Doug Phillips.  Mr. Phillips may testify regarding his industry knowledge and experience.  Mr. Phillips may testify regarding Presidio's sales and marketing of its Buried Broadband capacitor products.  Mr. Phillips may testify regarding Presidio's

customers and competition between Presidio and ATC.  Mr. Phillips may testify regarding the impact of ATC's infringement of the '356 patent on the market for Presidio's products.

Fred Lagrange.  Mr. Lagrange may testify regarding his industry knowledge and experience.  Mr. Lagrange may testify regarding Presidio's sales and marketing of its Buried Broadband capacitor products.  Mr. Lagrange may testify regarding Presidio's customers and competition between Presidio and ATC.  Mr. Lagrange may testify regarding the impact of ATC's infringement of the '356 patent on the market for Presidio's products.

- For any of the above witnesses that Presidio calls, ATC objects to any testimony that contravenes any rulings of the Court, including any rulings based on Presidio's pending Motions in Limine.

The witnesses ATC actually expects to call at trial to the jury:

Dr. Richard K. Ulrich (expert).  Dr. Ulrich will testify regarding the matters set forth in his expert report, including any supplemental expert report or declarations, and any matter discussed at his deposition.  Dr. Ulrich is expected to testify regarding his background and experience with respect to dielectrics and capacitors, including multilayer ceramic capacitors and their electrical properties, network analyzers, capacitance meters, impedance analyzers, and software for modeling electronics components.  Dr. Ulrich is also expected to testify about multilayer capacitor technology, the '356 patent and the background thereof, and the knowledge of one of ordinary skill in the art as of the '356 patent's priority date. Dr. Ulrich is expected to testify regarding his opinions that ATC's 550 capacitors (550Z, 550U, 550L, and 550S) do not infringe any of the asserted claims of the '356

patent and in rebuttal to the opinions expressed by Presidio's expert Dr. Wayne Huebner as to alleged infringement.

Dr. Leonard W. Schaper (expert).  Dr. Schaper will testify regarding the matters set forth in his expert report, including any supplemental expert reports or declarations, and any matters discussed at his deposition.  Dr. Schaper is expected to testify regarding his background and experience with respect to multilayer capacitors, including but not limited to their design, electrical characteristics and technical theory of operation, network analyzers, capacitance meters, impedance analyzers, and simulation software for approximating the electric fields associated with various structures.  Dr. Schaper is also expected to testify about multilayer capacitor technology, the '356 patent and the background thereof, and the knowledge of one of ordinary skill in the art as of the '356 patent's priority date.  Dr. Schaper is expected to testify regarding his opinions that all of the asserted claims of the '356 patent are indefinite because the Asserted Claims, read in light of the specification and prosecution history, fail to inform, with reasonable certainty, a person of ordinary skill in the art ("POSITA") about the scope of the claim and in rebuttal to the opinions expressed by Presidio or its expert, Dr. Wayne Huebner, on the issue of indefiniteness.

- Presidio objects to the testimony of Dr. Schaper before the jury as solely directed to an issue to be decided by the Court.

Dr. James D. Woods (expert).  Dr. Woods will testify regarding the matters set forth in his expert report, including any supplemental expert reports, and any matters discussed at his deposition.  Dr. Woods is expected to provide testimony in rebuttal to Presidio's allegation that it suffered damages as a result of ATC's alleged infringement of the '356 patent, including but not limited to Presidio's contention that it is entitled to lost profits under the *Panduit* analysis, reasonable royalty damages based on the *Georgia Pacific* factors and other appropriate

9

considerations, and injunctive relief.  Dr. Woods is expected to testify in rebuttal to any opinions offered by Presidio's damages expert Vincent A. Thomas.

- Presidio objects to the testimony of Dr. Woods to the extent it is subject to any Daubert Motion and contravenes Dkt. No. 238.

Andrew Ritter.  Mr. Ritter will testify in support of ATC's non-infringement defense.  For example, Mr. Ritter is expected to testify concerning the Accused Products, their design and development, structure, and performance characteristics.  Mr. Ritter is expected to testify regarding the matters discussed at this deposition.

- Presidio objects to the testimony of Mr. Ritter on the issue of non-infringement as not having submitted an expert report or as having been qualified as an expert.

Evan Slavitt, Esq.  Mr. Slavitt will testify regarding ATC and ATC's business operations as well as in support of ATC's defense of no willful infringement and equitable defenses.  For example, Mr. Slavitt is expected to testify regarding ATC's good faith beliefs as to non-infringement and invalidity, including among other things that the original claims of the patent-in-suit were invalidated in an *ex parte* reexamination.  Mr. Slavitt is also expected to testify regarding Presidio's conduct prior to the filing of this lawsuit, ATC's reasonable belief that Presidio would not accuse the 550 capacitor series of infringement, and ATC's reliance on Presidio's conduct, including its substantial preparations and investments into the Accused Products and the resulting prejudice to ATC.  Mr. Slavitt will also testify regarding the matters discussed at his deposition.

- Presidio objects to the testimony of Mr. Slavitt to the extent that ATC seeks to elicit testimony regarding the law and defenses available under the law.

Keith F. Anderson.  Mr. Anderson will testify regarding the matters discussed at his deposition.  Mr. Anderson is expected to testify regarding the test

capabilities and inherent limitations of network analyzers, impedance analyzers, and capacitance meters for measuring the electrical characteristics and/or performance of multilayer ceramic capacitors, including but not limited to appropriate and inappropriate test conditions and accessories including test fixtures, usage constraints, and limitations on the accuracy of test results. Mr. Anderson is also expected to testify that in 2002 there was no industry accepted singular way of testing multilayer capacitors using a network analyzer and that different test methods produce different test results.

- Presidio objects to the testimony of Mr. Anderson to the extent ATC seeks to elicit testimony regarding industry-accepted practices, and also as not having submitted an expert report or as having been qualified as an expert.

Michael Tessaro. Mr. Tessaro will testify regarding the matters discussed at his deposition. Mr. Tessaro is expected to testify regarding Qorvo's selection and usage of ATC's 550 series of capacitors and the prejudice that will result to Qorvo and its customers if Qorvo can no longer purchase ATC's 550 series of capacitors.

- Presidio objects to the testimony of Mr. Tessaro as solely directed to an issue to be decided by the Court.

Alan Devoe. Mr. Alan Devoe is expected to testify in both his capacity as Presidio's officer and as Presidio's 30(b)(6) corporate representative. Mr. Alan Devoe is expected to testify regarding his background with capacitors, testing of multilayer capacitors, the capacitor market relevant to the '356 patent, the development that led to the '356 patent, and the '356 patent invention. Mr. Alan Devoe is expected to testify regarding the matters discussed at his depositions.

Lambert Devoe. Mr. Lambert Devoe is expected to testify regarding his background with capacitors, testing of multilayer capacitors, the capacitor market

relevant to the '356 patent, the development that led to the '356 patent, and the '356 patent invention.  Mr. Lambert Devoe is expected to testify regarding the matters discussed at his depositions.

The additional witnesses ATC does not expect to call at trial to the jury, but reserves the right to call:

Stephan Rabe.  Mr. Rabe may testify regarding customer demands and the sale and marketing of the Accused Products.  He may also testify regarding the market for broadband capacitors, ATC's porting of business over to the 550 series capacitor, and alternative products.  Mr. Rabe may testify regarding the matters discussed at his depositions.

Gunter Vorlop.  Mr. Vorlop may testify regarding customer demands and Presidio's sales and marketing of its Buried Broadband capacitor products.  Mr. Vorlop may also testify regarding Presidio's manufacturing and marketing capacity, including missed promises.   He may testify regarding the market for broadband capacitors, including alternative products.  Mr. Vorlop may testify regarding the matters discussed at his depositions.

Fred LaGrange.  Mr. LaGrange may testify regarding customer demands and Presidio's sales and marketing of its Buried Broadband capacitor products.  Mr. LaGrange may also testify regarding Presidio's manufacturing and marketing capacity.   He may testify regarding the market for broadband capacitors, including alternative products.  Mr. LaGrange may testify regarding the matters discussed at his depositions.

Doug Phillips.  Mr. Phillips may testify regarding customer demands and the sale and marketing of the Accused Products.  He may also testify regarding the market for broadband capacitors and alternative products.  Mr. Phillips may testify

regarding the matters discussed at his depositions.

- For any of the above witnesses that ATC calls, Presidio objects to any testimony that contravenes any rulings of the Court, including any rulings based on Presidio's pending Motions in Limine.

      The parties shall provide a list identifying the specific witnesses that they intend to call on direct, and the order in which they will be called, by 7:00 p.m. two (2) calendar days before they intend to call those witnesses at trial.  Each party shall identify which witnesses will be called live and which will be offered by deposition. This list shall be updated nightly by 7:00 p.m. so long as the party has remaining witnesses it intends to call on direct for its portion of the case.

## 4.  EXHIBITS – Civil Local Rule 16.1(f)(6)(c)(4)

      The list of exhibits that Presidio actually expects to offer at trial is attached hereto as Exhibit A, together with ATC's objections to such exhibits.  The list of exhibits that ATC actually expects to offer at trial attached hereto as Exhibit B, together with Presidio's objections to such exhibits.

      This pretrial order contains the maximum universe of exhibits to be used in any party's case-in-chief.  No exhibit will be admitted unless offered into evidence through a witness.  Any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move it into evidence.

      A party will identify from the previously exchanged exhibit lists (*see* Exhibits A and B hereto) exhibits and demonstratives to be used in connection with direct examination by 7:00 p.m. the day before their intended use, and previously lodged objections that a party continues to urge will be provided to such exhibits and demonstratives no later than 10:00 p.m. the night before their intended use.

**5.  STIPULATED FACTS** – Civil Local Rule 16.1(f)(6)(c)(5)

A statement of facts to which the Parties stipulate is attached hereto as Exhibit C.

**6.  DEPOSITION DESIGNATIONS** – Civil Local Rule 16.1(f)(6)(c)(6)

A list of the deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial to the jury on behalf of Presidio is attached hereto as Exhibit D.  A list of the deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial to the jury on behalf of ATC is attached hereto as Exhibit E.

By 7:00 p.m. no later than two (2) calendar days before the designations are to be used in Court, each party will provide the other with a list of final deposition designations (from the above-identified Exhibits D and E) that it intends to introduce, and identify the manner in which the deposition will be used, either by video or reading the transcript into the record.  By 7:00 p.m. the following day, the opposing party will provide its counter-designations and any final objections to the other party's designations (from the counter-designations and objections previously exchanged on March 21, 2016).  By 9:00 p.m. the same day, the original party will provide its objections to the party's counter-designations.  Any remaining objections that cannot be resolved, will be presented to the Court before the witness is to be called at trial via deposition, and no testimony subject to objections may be read or played into the record before the Court resolves the objections.

**7.  PROPOSED JURY INSTRUCTIONS** – Civil Local Rule 16.1(f)(6)(c)(7)

The Parties will file proposed jury instructions in accordance with Fed. R. Civ. P. 51 and Civ.LR 51.1, and the Parties will email a clean copy of the proposed jury instructions to Chambers.

**8.  JURY TRIAL** – Civil Local Rule 16.1(f)(6)(c)(8)

This case will be tried by jury.  The question of invalidity due to indefiniteness of the patent-in-suit will be decided by the Court, but the Court will utilize an advisory jury on that issue.  <u>See</u> Fed. R. Civ. P. 39(c).  The equitable issues—including Presidio's request for an injunction and ATC's affirmative defenses of laches, equitable estoppel, and equitable intervening rights—will be decided by the Court.  Further, exercising its sound discretion, the Court concludes that it is appropriate under the present circumstances, to bifurcate the trial with respect to those equitable issues, and have those issues decided by the Court, if necessary, after the jury trial on the other issues in this case has been completed. <u>See</u> Fed. R. Civ. P. 42(b).

**9.  LENGTH OF TRIAL** – Civil Local Rule 16.1(f)(6)(c)(9)

Pursuant to the Court's Order, Dkt. No. 207, all-inclusive time limits for trial is fourteen hours per side.  Further pursuant to the Court's Order, Dkt. No. 207, this includes all time spent in trial, including but not limited to opening statements, questioning the jurors, presentation of evidence, settling jury instructions, final arguments, and instructing the jurors.

1       Finally, the Court incorporates into this Pretrial Order, the Court's order on

2 the parties' motions in limine, and the Court's rulings and holdings on all the

3 matters discussed at the March 25, 2016 Final Pretrial Conference.

4       **IT IS SO ORDERED.**

5

6    Dated:  March 25, 2016

MARILYN L. HUFF, District Judge

7 UNITED STATES DSTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28