# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN TECHNICAL CERAMICS CORP., <br><br> Defendant. | Case No.: 14-cv-02061-H-BGS <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MODIFICATION OF THE COURT'S FEBRUARY 16, 2018 SCHEDULING ORDER** <br><br> [Doc. No. 471.] |

On March 22, 2018, Plaintiff Presidio Components, Inc. filed a motion for reconsideration and modification of the Court's February 16, 2018 scheduling order. (Doc. No. 471.) On March 22, 2018, the Court took the matter under submission. (Doc. No. 474.) On April 5, 2018, Defendant American Technical Ceramics Corp. filed a response in opposition to Plaintiff's motion for reconsideration. (Doc. No. 478.) For the reasons below, the Court denies Plaintiff's motion for reconsideration and modification of the Court's February 16, 2018 scheduling order.

## Background

On September 2, 2014, Presidio filed a complaint for patent infringement against ATC, alleging infringement of U.S. Patent No. 6,816,356 ("the '356 patent"). (Doc. No.

1, Compl.) The '356 patent is entitled "Integrated Broadband Ceramic Capacitor Array." U.S. Patent No. 6,816,356 B2, at 1:1-2 (filed Apr. 14, 2003). The patent issued on November 9, 2004 and claimed priority to an application filed on May 17, 2002. See id. (See Doc. No. 276-3 ¶ 4; Doc. No. 356-1 at 5.)

On December 8, 2015, the United States Patent and Trademark Office issued a reexamination certificate for the '356 patent, amending certain claims of the patent.[1] (Doc. No. 170-2, FAC Ex. 2.) On December 22, 2015, Presidio filed a first amended complaint, alleging infringement of the '356 patent as amended by the reexamination certificate. (Doc. No. 170, FAC.) Specifically, Presidio alleged that ATC's 550 line of capacitors infringes claims 1, 3, 5, 16, 18, and 19 of the '356 patent. (Id. ¶ 26.) On December 22, 2015, ATC filed a second amended answer and counterclaims to the first amended complaint, adding an affirmative defense of absolute and equitable intervening rights and an affirmative defense and counterclaim of unenforceability due to inequitable conduct. (Doc. No. 171.)

On January 12, 2016, the Court denied Presidio's motions for: (1) summary judgment of definiteness; (2) summary judgment of infringement; (3) summary judgment of ATC's equitable affirmative defenses; and (4) summary judgment of no acceptable non-infringing alternatives. (Doc. No. 210.) In the order, the Court also denied ATC's motions for: (1) partial summary judgment of non-infringement; (2) summary judgment of indefiniteness; and (3) summary judgment of no willful infringement. (Id.) On February 10, 2016, the Court granted ATC's motion for summary judgment of its affirmative defense of absolute intervening rights and held that Presidio is entitled to infringement damages only for the time period following the issuance of the reexamination certificate on December 8, 2015. (Doc. No. 234 at 28.) In that order, the Court also dismissed with prejudice ATC's affirmative defense and counterclaim that the

---

[1] The PTO previously issued a reexamination certificate for the '356 patent on September 13, 2011. (Doc. No. 170-1, FAC Ex. 1.) This reexamination certificate did not later any of the claims at issue in the present action. (Id.)

'356 patent is unenforceable due to inequitable conduct. (Id. at 33.)

The Court held a jury trial beginning on April 5, 2016. (Doc. No. 297.) On April 18, 2016, the jury returned a verdict finding direct infringement and induced infringement of claims 1, 3, 5, 16, 18, and 19 of the '356 patent by ATC as to all of the accused products in the action: the 550L, the 550S, the 550U, and the 550Z capacitors. (Doc. No. 328 at 2-3.) In addition, the jury found that Presidio had proven by clear and convincing evidence that ATC's infringement of the asserted claims was willful. (Id. at 4.) The jury awarded Presidio $2,166,654 in lost profit damages. (Id.) Because the jury awarded lost profit damages, the jury did not award reasonable royalty damages. (Id.) The jury also issued an advisory verdict as to indefiniteness and found that ATC had failed to prove by clear and convincing evidence that claim 1 of the '356 patent is indefinite. (Id. at 5.)

On June 17, 2016, the Court issued a memorandum decision finding in favor of Presidio and against ATC on all issues submitted to the Court, including indefiniteness, equitable intervening rights, equitable estoppel, and laches. (Doc. No. 368.) On June 17, 2016, the Court entered judgment in favor of Presidio on all causes of action and awarded Plaintiff $2,166,654 in damages. (Doc. No. 369.)

Following the Court's entry of judgment, the parties filed various post-trial motions. On August 17, 2016, the Court issued an order ruling on the parties' post-trial motions. (Doc. No. 440.) In the order, the Court denied ATC's Rule 50(b) motions for judgment as a matter of law and Rule 59(e) motions for a new trial. (Id. at 7-27.) The Court also granted Presidio's motion for a permanent injunction; denied Presidio's motion for enhanced damages and attorney's fees; and granted Presidio's motion for supplemental damages and interest. (Id. at 27-48.) On August 27, 2016, the Court entered the permanent injunction. (Doc. No. 441.)

The parties cross-appealed to the Federal Circuit. (Doc. Nos. 443, 453.) On November 21, 2017, the Federal Circuit issued an opinion in the case, Presidio Components, Inc. v. Am. Tech. Ceramics Corp., 875 F.3d 1369 (Fed. Cir. 2017). In the decision, the Federal Circuit held:

> We affirm the district court's finding of definiteness, grant of absolute intervening rights, and denial of enhanced damages. We reverse the award of lost profits because Presidio failed to show the absence of an acceptable, non-infringing substitute. On remand, the damages award should be limited to a reasonable royalty, and a new trial should be conducted as necessary to determine the reasonable royalty rate. We vacate the permanent injunction, and remand with instructions to consider the relevant evidence and to determine whether Presidio has established irreparable injury.

Id. at 1384. In the decision, the Federal Circuit expressly instructed the Court on remand to "reopen the record" as to Presidio's motion for a permanent injunction and "consider current evidence of irreparable harm." Presidio, 875 F.3d at 1384. The Federal Circuit did not instruct the Court to reopen the record in connection with the reasonable royalty issue.

Following the Federal Circuit's decision on appeal in this case, on February 14, 2018, the Court held an appeal mandate hearing and a telephonic case management conference. (Doc. No. 464.) Counsel for both parties appeared at the telephonic case management conference and provided the Court with their respective positions regarding how the case should proceed on remand. (Id.) On February 16, 2018, the Court issued a scheduling order, scheduling a damages retrial for Tuesday, May 22, 2018. (Doc. No. 466.) In the scheduling order, the Court permitted Presidio to serve on ATC an updated supplemental damages report. (Id. at 4.) But the Court instructed: "Plaintiff's supplemental damages report must be solely for the purpose of setting forth an updated accounting of the total units of accused products sold by Defendant. Plaintiff's supplemental damages report must not include any new substantive analysis." (Id.) By the present motion, Plaintiff moves for reconsideration of and modification of the Court's February 16, 2018 scheduling order. (Doc. No. 471.)

## Discussion

**I. Standards for a Motion for Reconsideration**

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration [of a

prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'"). A motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence for the first time that reasonably could have been raised earlier in the litigation. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008); see Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) ("A [motion for reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). "A party seeking reconsideration must show more than a disagreement with the Court's decision." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); accord Huhmann v. FedEx Corp., No. 13-CV-00787-BAS NLS, 2015 WL 6128494, at *2 (S.D. Cal. Oct. 16, 2015).

**II. Analysis**

The Court has reviewed Presidio's motion for reconsideration, ATC's opposition, and the record in this action. Presidio has failed to establish that the Court committed any error, let alone clear error, in its February 16, 2018 scheduling order.

Presidio argues that the Court erred in its scheduling order because the Federal Circuit's mandate requires that the damages retrial only address the same period of infringement as the original trial. (Doc. No. 471 at 6-17.) Presidio has failed to establish any error. Presidio has not presented the Court with any case law where a damages retrial was performed, and the infringing units were limited to the time period from the earliest point of infringement up to the infringement verdict in the earlier trial, not the

later damages verdict reached at the retrial. Instead, Presidio relies on Federal Circuit decisions related to ongoing royalty awards, in particular, the Federal Circuit's decision in ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc., 694 F.3d 1312, 1343 (Fed. Cir. 2012). (Doc. No. 471 at 10-11.) But ActiveVideo is not procedurally similar to the present action. In ActiveVideo, the Federal Circuit only reversed the district court's entry of a permanent injunction. 694 F.3d at 1343. The Federal Circuit affirmed the damages award in full in that case in ActiveVideo. Id. In contrast, in the present action, the Federal Circuit reversed the jury's damages award and ordered a new damages trial. See Presidio, 875 F.3d at 1384. As a result, Presidio's reliance on ActiveVideo is not persuasive, and it does not establish any error by the Court.[2] Thus, the Court rejects Presidio's argument that the damages retrial should be limited to the same period of infringement as the original trial.[3]

In addition, Presidio argues that the damages retrial should cover the same period of infringement as the new trial because intervening evidence demonstrates that the 560L capacitor is no longer an available and acceptable non-infringing alternative. (Doc. No. 471 at 16-17.) This argument also fails to establish any error by the Court. On appeal, the Federal Circuit held that "Presidio failed to provide evidence that the 560L capacitor was either not an acceptable or available substitute to Presidio's BB capacitor." Presidio, 875 F.3d at 1381. Presidio contends that intervening evidence shows that from March 17, 2017 through November 21, 2017, ATC ceased sales of the 560L capacitor and that capacitor was removed from the market. (Doc. No. 471 at 16.) Even assuming this is

---

[2] Presidio's reliance on Amado v. Microsoft Corp., 517 F.3d 1353 (Fed. Cir. 2008), and Arctic Cat Inc. v. Bombardier Recreational Prod. Inc., 876 F.3d 1350, 1357 (Fed. Cir. 2017) fail for the same reason. Neither of those cases involved a reversal by the Federal Circuit of the damages award and a new trial on the issue of damages.

[3] Although the Court rejects this argument by Presidio, out of an abundance of caution, the Court will place on the special verdict form for the damages retrial separate questions asking the jury to determine the reasonable royalty award for 1) the time period from first infringement to the date of the infringement verdict in the first trial; and 2) the time period from the infringement verdict in the first trial to the verdict in the damages retrial.

true, this fact alone is insufficient to establish that the 560L is no longer an available and acceptable non-infringing alternative. See Grain Processing Corp. v. Am. Maize-Prod. Co., 185 F.3d 1341, 1349 (Fed. Cir. 1999) (explaining that acceptable non-infringing alternatives are "not limited to products on the market"); id. at 1351 ("[A]n available technology not on the market during the infringement can constitute a noninfringing alternative."). As a result, Presidio's "intervening evidence" does nothing to alter the Federal Circuit's determination in this case, and it fails to establish any error by the Court.

Presidio also argues that the Court erred by not allowing it in the scheduling order to provide additional post-verdict evidence at the damages retrial. (Doc. No. 471 at 17-24.) Specifically, Presidio argues that it should be permitted to present at the damages retrial evidence related to average sales price and profit as to the updated unit sales and a new substantive damages analysis by its damages expert. (Id.) The Court disagrees. As Presidio concedes, "nothing in the [Federal Circuit's] mandate suggests that this Court should consider new evidence . . . In connection with the new trial." (Doc. No. 471 at 8; see also id. at 3 ("The Federal Circuit, however, specifically did not reopen the record, or allow for consideration of new evidence, in connection with the reasonable royalty issue.").) The Federal Circuit specifically held: "On remand the damages award should be limited to a reasonable royalty, and a new trial should be conducted as necessary to determine the reasonable royalty rate." Presidio, 875 F.3d at 1384. Nowhere in the Federal Circuit's decision did the Federal Circuit instruct the Court to reopen the record.[4] As a result, Presidio again has failed to establish any error by the Court.[5]

---

[4] Indeed, the Federal Circuit's failure to instruct the Court to reopen the record as to the reasonable royalty issue stands in stark contrast to the Federal Circuit's express instructions for the Court to "reopen the record" as to Presidio's motion for a permanent injunction and "consider current evidence of irreparable harm." Presidio, 875 F.3d at 1384.

[5] In addition, the Court specifically rejects Presidio's request to prepare a supplemental damages expert report containing new substantive damages analysis for purposes of a proffer to the Court. (See Doc. No. 471 at 25-26.)

7

14-cv-02061-H-BGS

In sum, Presidio has failed to establish that the Court erred in its February 16, 2018 scheduling order. As a result, the Court denies Presidio's motion for reconsideration.[6]

**Conclusion**

For the reasons above, the Court denies Presidio's motion for reconsideration and modification of the Court's February 16, 2018 scheduling order.[7]

In its motion for reconsideration, Presidio notes a typographical error in paragraph 12 of the Court's February 16, 2018 scheduling order related to the deadlines for deposition designations. (Doc. No. 471 at 25.) In light of the typographical error, the Court amends paragraph 12 of the February 16, 2018 scheduling order to read as follows:

> 12. If a party wishes to use deposition testimony in lieu of a live witness, if authorized under the rules, the party must submit the designations to opposing counsel by **April 30, 2018**. The parties must exchange counter-designations by **May 7, 2018**. If deposition testimony is used at trial in lieu of a live witness, the Court will determine the allocation of time against each party, but the time is assessed against the time limits authorized for trial.

All other dates and deadlines set forth in the February 16, 2018 scheduling order remain as scheduled.

**IT IS SO ORDERED.**

DATED: April 9, 2018

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[6] In addition, as noted in the Court's March 22, 2018 order, Presidio's motion for reconsideration was procedurally defective. (See Doc. No. 474.) Presidio's motion for reconsideration was filed on March 22, 2018, more than 28 days after the Court issued its February 16, 2018 scheduling order. (Doc. No. 471.) As a result, the motion for reconsideration is untimely under Civil Local Rule 7.1.i. Thus, the Court also denies Presidio's motion for reconsideration on the grounds that it is untimely.

[7] In their briefing, the parties argue as to the appropriate ongoing royalty that should be awarded in this action. (See Doc. No. 471 at 9-16; Doc. No. 478 at 14-17.) A motion for reconsideration of a scheduling order is not the proper vehicle for presenting arguments related to the appropriate ongoing royalty in this action. The parties can properly brief the issue and present their arguments regarding the appropriate ongoing royalty, if any, to be awarded in this action at a later stage in the proceedings.