# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS, INC.,<br><br>                   Plaintiff,<br><br>v.<br><br>AMERICAN TECHNICAL CERAMICS CORP.,<br><br>                   Defendant. | Case No.: 14-cv-02061-H-BGS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR STAY PENDING APPEAL**<br><br>[Doc. No. 522.] |

On September 12, 2018, Defendant American Technical Ceramics Corp. filed a motion for an order partially staying the Court's permanent injunction pending its appeal to the Federal Circuit. (Doc. No. 522.) On September 13, 2018, the Court took the matter under submission. (Doc. No. 527.) On September 26, 2018, Plaintiff Presidio Components, Inc. filed a response in opposition to ATC's motion to stay. (Doc. No. 532.) For the reasons below, the Court denies ATC's motion for a stay of the permanent injunction pending appeal.

## Background

On September 2, 2014, Plaintiff Presidio filed a complaint for patent infringement against Defendant ATC, alleging infringement of U.S. Patent No. 6,816,356 ("the '356 patent"). (Doc. No. 1, Compl.) The '356 patent is entitled "Integrated Broadband

Ceramic Capacitor Array." U.S. Patent No. 6,816,356 B2, at 1:1-2 (filed Apr. 14, 2003). The patent issued on November 9, 2004 and claimed priority to an application filed on May 17, 2002. See id. (See Doc. No. 276-3 ¶ 4; Doc. No. 356-1 at 5.)

On December 8, 2015, the United States Patent and Trademark Office issued a reexamination certificate for the '356 patent, amending certain claims of the patent.[1] (Doc. No. 170-2, FAC Ex. 2.) On December 22, 2015, Presidio filed a first amended complaint, alleging infringement of the '356 patent as amended by the reexamination certificate. (Doc. No. 170, FAC.) Specifically, Presidio alleged that ATC's 550 line of capacitors infringes claims 1, 3, 5, 16, 18, and 19 of the '356 patent. (Id. ¶ 26.) On December 22, 2015, ATC filed a second amended answer and counterclaims to the first amended complaint, adding an affirmative defense of absolute and equitable intervening rights and an affirmative defense and counterclaim of unenforceability due to inequitable conduct. (Doc. No. 171.)

On January 12, 2016, the Court denied Presidio's motions for: (1) summary judgment of definiteness; (2) summary judgment of infringement; (3) summary judgment of ATC's equitable affirmative defenses; and (4) summary judgment of no acceptable non-infringing alternatives. (Doc. No. 210.) In the order, the Court also denied ATC's motions for: (1) partial summary judgment of non-infringement; (2) summary judgment of indefiniteness; and (3) summary judgment of no willful infringement. (Id.) On February 10, 2016, the Court granted ATC's motion for summary judgment of its affirmative defense of absolute intervening rights and held that Presidio is entitled to infringement damages only for the time period following the issuance of the reexamination certificate on December 8, 2015. (Doc. No. 234 at 28.) In that order, the Court also dismissed with prejudice ATC's affirmative defense and counterclaim that the '356 patent is unenforceable due to inequitable conduct. (Id. at 33.)

---

[1] The PTO previously issued a reexamination certificate for the '356 patent on September 13, 2011. (Doc. No. 170-1, FAC Ex. 1.) This reexamination certificate did not alter any of the claims at issue in the present action. (Id.)

The Court held a jury trial on Presidio's claim beginning on April 5, 2016. (Doc. No. 297.) On April 18, 2016, the jury returned a verdict finding direct infringement and induced infringement of claims 1, 3, 5, 16, 18, and 19 of the '356 patent by ATC as to all of the accused products in the action: the 550L, the 550S, the 550U, and the 550Z capacitors. (Doc. No. 328 at 2-3.) In addition, the jury found that Presidio had proven by clear and convincing evidence that ATC's infringement of the asserted claims was willful. (Id. at 4.) The jury awarded Presidio $2,166,654 in lost profit damages. (Id.)

On June 17, 2016, the Court issued a memorandum decision finding in favor of Presidio and against ATC on all issues submitted to the Court, including indefiniteness, equitable intervening rights, equitable estoppel, and laches. (Doc. No. 368.) On June 17, 2016, the Court entered judgment in favor of Presidio on all causes of action and awarded Presidio $2,166,654 in damages. (Doc. No. 369.)

Following the Court's entry of judgment, the parties filed various post-trial motions. On August 17, 2016, the Court issued an order ruling on the parties' post-trial motions. (Doc. No. 440.) In the order, the Court denied ATC's Rule 50(b) motions for judgment as a matter of law and Rule 59(e) motions for a new trial. (Id. at 7-27.) The Court also granted Presidio's motion for a permanent injunction; denied Presidio's motion for enhanced damages and attorney's fees; and granted Presidio's motion for supplemental damages and interest. (Id. at 27-48.) In granting Presidio's motion for a permanent injunction, the Court denied ATC's request to stay the injunction pending appeal, but included a 90-day sunset provision in the injunction. (Id. at 38-39.) On August 27, 2016, the Court entered the permanent injunction. (Doc. No. 441.)

The parties cross-appealed to the Federal Circuit. (Doc. Nos. 443, 453.) On November 21, 2017, the Federal Circuit issued an opinion in the above case: (1) affirming the Court's finding of definiteness, grant of absolute intervening rights, and denial of enhanced damages; (2) reversing the award of lost profits and instructing that on remand, the damages award should be limited to a reasonable royalty, and a new trial should be conducted as necessary to determine the reasonable royalty rate; and (3)

vacating the permanent injunction and remanding with instructions to consider the relevant evidence and determine whether Plaintiff Presidio has established irreparable injury. Id. at 1384.

Following the Federal Circuit's decision on appeal in this case, on February 14, 2018, the Court held an appeal mandate hearing and a telephonic case management conference. (Doc. No. 464.) On April 23, 2018, the Court granted the parties' joint motion for the entry of judgment on the reasonable royalty rate for the accused products, and the Court vacated the scheduled damages retrial. (Doc. No. 485.) On August 13, 2018, the Court granted Presidio's renewed motion for a permanent injunction, and the Court entered a permanent injunction enjoining the manufacture, offer of sale, and sale of the accused products. (Doc. Nos. 517, 518.) On August 15, 2018, the Court entered an amended judgment. (Doc. No. 519.)

On September 6, 2018, Presidio filed a notice of appeal, and on September 12, 2018, ATC filed a notice of appeal. (Doc. Nos. 520, 521.) By the present motion, ATC moves for an order partially staying the Court's August 13, 2018 permanent injunction pending ATC's appeal to the Federal Circuit. (Doc. No. 529.) Specifically, ATC requests that it be permitted to continue selling its 550 capacitors to existing customers that purchased 550 capacitors before August 13, 2018 while the Federal Circuit addresses the merits of the ATC's appeal. (Id. at 1.)

**Discussion**

**I.      Legal Standards**

In deciding whether to grant a stay pending appeal, a court should consider the following four factors:   "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Standard Havens Prod., Inc. v. Gencor Indus., Inc., 897 F.2d 511, 512 (Fed. Cir. 1990) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); see also E.I. du Pont de Nemours & Co. v. Phillips

4

Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987) ("In considering whether to grant a stay pending appeal, this court assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public."). "Each factor, however, need not be given equal weight." Standard Havens, 897 F.2d at 512.

In addition, "likelihood of success in the appeal is not a rigid concept." Id. "When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'" Id. at 513 (quoting Hilton, 481 U.S. at 776). Therefore, to obtain a stay pending appeal, a movant must establish a strong likelihood of success on appeal, or, failing that, "'demonstrate a substantial case on the merits,' provided the other factors militate in movant's favor." Id. (emphasis removed) (quoting Hilton, 481 U.S. at 778).

**II.  Analysis**

　　A.  Likelihood of Success on the Merits

The sole issue in ATC's current appeal is whether the Court properly entered a permanent injunction in this action.[2] (Doc. No. 531.) ATC argues that it will succeed on appeal because the Court erred in its order granting the permanent injunction by finding that there was irreparable harm and by finding that money damages are inadequate. (Doc. No. 529 at 14-20.) The Court disagrees.

The Court's finding of irreparable harm was well supported by the evidence in the record showing that Presidio experienced increased sales for its BB capacitors during the time the injunction was in place that was due at least in part to the accused products being removed from the market, and that Presidio has suffered decreased sales after the injunction was lifted. (Doc. No. 507-6, Ex. M; see Doc. No. 507-2, Ex. I; Doc. No. 507-3 Ex. J.) That evidence is the precise type of evidence that the Federal Circuit instructed the Court to examine on remand when evaluating irreparable harm. See Presidio II, 875

---

[2]  The Court notes that Presidio has also filed an appeal in this action related to damages. (Doc. No. 530.)

5

14-cv-02061-H-BGS

F.3d at 1384. The Court's irreparable harm finding was further supported by the fact that ATC and Presidio are direct competitors, and ATC has never licensed the '356 patent to anyone. (Doc. No. 517 at 8-9.)

The evidence in the record showing that Presidio experienced increased sales for its BB capacitors during the time the injunction was in place that was due at least in part to the accused products being removed from the market also supports the Court's finding that money damages are inadequate. See Apple Inc. v. Samsung Elecs. Co., 809 F.3d 633, 645 (Fed. Cir. 2015); ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc., 694 F.3d 1312, 1340 (Fed. Cir. 2012). The Court's finding that money damages are inadequate was also supported by the fact that the accused products operate in a design-win market, and Presidio's decision not to license the '356 patent to anyone. As a result, ATC has failed to make a strong showing that it is likely to succeed on the merits of its appeal, and, thus, this factor does not weigh in favor of a stay.

B. Whether ATC Has Establish Irreparable Injury

ATC argues that absent a stay of the permanent injunction, it will suffer reputational damage in the market, and it will suffer harm from its inability to sell its overstock. (Doc. No. 529 at 7-9.) This is insufficient to establish irreparable injury sufficient to support a stay of the injunction. These two alleged harms are simply harm that results from ATC avoiding future infringement of the '356 patent. "[H]arm from avoiding infringement has long been recognized as an insufficient basis for staying an injunction."[3] Sealant Sys. Int'l, Inc. v. TEK Glob., S.R.L., No. 5:11-CV-00774-PSG, 2014 WL 5141819, at *4 (N.D. Cal. Oct. 13, 2014); see also Stryker Corp. v. Zimmer Inc., No. 1:10-CV-1223, 2013 WL 6231533, at *26 (W.D. Mich. Aug. 7, 2013), vacated

---

[3] The Court notes that in Standard Havens Prod., Inc. v. Gencor Indus., Inc., the Federal Circuit determined that the equities weighed in favor of a stay pending appeal where there was evidence in the record showing that "without a stay [the defendant] [wa]s likely to suffer irreparable harm in the form of employee layoffs, immediate insolvency, and, possibly, extinction." 897 F.2d at 515. Here, ATC has failed to present any evidence showing that the denial of a stay could result in employee layoffs, immediate insolvency, or possible extinction of the company.

on other ground by <u>Stryker Corp. v. Zimmer, Inc.</u>, No. 2013-1668, 2016 WL 4729504, at *1 (Fed. Cir. Sept. 12, 2016) ("[A]n immediate injunction will only injure [defendant] to the extent [defendant] will no longer be allowed to infringe [plaintiff]'s patents, something it had no right to do in the first place.").

Moreover, ATC's claim of reputational harm is entirely speculative. ATC asserts that the removal of its 545 capacitor from the market and the unpredictable availability of its 550 capacitor have irreparably injured its reputation in the broadband capacitor market. (Doc. No. 529 at 8.) But ATC fails to identify any concrete reputational harm that it purportedly suffered as a result of the prior two injunctions, and ATC fails to provide the Court with any evidence in support of this alleged harm. The evidence in the record shows that once the Federal Circuit vacated the prior injunction in this action, ATC resumed selling the 550 capacitor to its customers. (Doc. No. 529 at 2.)

ATC also argues that it will suffer harm from the Court's permanent injunction because the notice provision in the injunction violates its First Amendment rights. (Doc. No. 529 at 9-12.) The Court rejects this argument. The notice provision in paragraph 4 of the Court's permanent injunction was adopted word-for-word from Presidio's proposed permanent injunction that it filed along with its renewed motion for a permanent injunction. (<u>Compare</u> Doc. No. 518 <u>with</u> Doc. No. 498-33, Ex. AG.) ATC never challenged the proposed injunction's notice provision on First Amendment grounds or any other grounds in its opposition to Presidio's renewed motion or at the hearing on the renewed motion. In addition, ATC did not file a motion for reconsideration of the Court's permanent injunction challenging the notice provision, the time for filing a motion for reconsideration under the Court's local rules had passed, <u>see</u> Civ. L.R. 7.1(i)(2), and ATC has now appealed the Court's permanent injunction to the Federal Circuit. Further, the Court notes that the original permanent injunction that it entered in this action also contained an identical notice provision. (Doc. No. 441 at 2) ATC never challenged the notice provision in the original injunction before this Court or the Federal Circuit. ATC cannot assert that it will be harmed by a notice provision it never

7

14-cv-02061-H-BGS

challenged, and ATC cannot now attempt to challenge it through a motion to stay. In sum, this factor does not weigh in favor of a stay.

C.   Injury to Presidio

ATC argues Presidio will not suffer any harm from a partial stay of the injunction. (Doc. No. 529 at 22-25.) The Court does not find this assertion to be credible in light of the evidence in the record.

In evaluating Presidio's renewed motion for a permanent injunction, the Court found that the evidence in the record demonstrates that Presidio experienced increased sales in the absence of the infringing products during the time the prior injunction was in place, and that it suffered decreased sales after the injunction was lifted. (Doc. No. 517 at 13, 15 (citing Doc. No. 507-6, Ex. M; Doc. No. 507-11, Ex. S).) This evidence strongly demonstrates that Presidio will suffer further economic harm in the form of decreased sales if the Court stays the permanent injunction. As a result, this factor weighs heavily against granting a stay of the injunction.

D.   Public Interest

The Court has previously concluded that the public interest factor favors entry of a permanent injunction against ATC. (Doc. No. 517 at 18-19.) "[T]he public is best served by enforcing patents that are likely valid and infringed." Abbott Labs. v. Andrx Pharm., Inc., 452 F.3d 1331, 1348 (Fed. Cir. 2006). "As a result, the public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors." Apple, 809 F.3d at 647.[4]

In support of its contention that the public interest favors a stay, ATC relies on essentially the same evidence it previously presented to the Court with respect to this

---

[4] ATC argues that the public interest factor for evaluating a motion for a stay pending appeal is different from the public interest factor for evaluation a motion for an injunction, but the case law ATC cites in its motion does not actually support ATC's position. (Doc. No. 529 at 21 n.10.) Neither of the cited cases holds that the two standards are different with respect to the public interest factor or holds that to support a stay, the infringer's products need not provide "unusual societal benefits." See Standard Havens, 897 F.2d at 512; Apple, 809 F.3d at 647.

8

factor in opposing Presidio's renewed motion for a permanent injunction. (Doc. No. 529 at 20-22.) The Court has previously noted that:

> the evidence ATC presents in support of this contention only shows that ATC has certain government and infrastructure clients that have purchased 550 capacitors and would prefer to be able to continue to purchase them in the future. (Doc. No. 505-10, Rabe Decl. ¶¶ 10-14; Doc. No. 505-13, Tessaro Decl. ¶¶ 5-6.) ATC fails to identify any specific government, military, space or infrastructure projects that would actually suffer if the 550 capacitors were removed from the market. In addition, ATC has not established that these unnamed projects could not continue with the use of other products.

(Doc. No. 517 at 18-19.)

Further, the Court notes that ATC's inability to specifically identify any concrete harm to the public that would occur from the injunction significant in light of the fact that ATC previously discontinued its 545L capacitor after that capacitor was found to infringe the '356 patent in the prior litigation, and ATC has previously pulled the 550 capacitor off the market during the time when the prior injunction was in place. Yet ATC cannot identify any concrete harm that has resulted from either of those events. Accordingly, this factor does not weigh in favor of a stay.

///
///
///

9

## Conclusion

In sum, none of the relevant factors weigh in favor of ATC's motion for a stay of the injunction pending appeal. Accordingly, the Court, after considering the relevant factors and exercising its sound discretion, denies ATC's motion for a stay of the permanent injunction pending ATC's appeal.[5]

**IT IS SO ORDERED.**

DATED: October 9, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[5] In the alternative to a stay pending ATC's full appeal, ATC also requests a stay pending ATC's planned emergency motion for a stay pursuant to Fed. R. App. P. 8(a)(2) that it will file with the Federal Circuit. (Doc. No. 529 at 1.) The Court, exercising its sound discretion, denies ATC's alternative request. As explained above, the relevant factors do not weigh in favor of a stay.