# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN TECHNICAL CERAMICS CORP., <br><br> Defendant. | Case No.: 14-cv-02061-H-BGS <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR STAY OF JUDGMENT PENDING APPEAL ON THE CONDITION THAT DEFENDANT POSTS A SUPERSEDEAS BOND** <br><br> [Doc. No. 554.] |

On February 25, 2019, Defendant American Technical Ceramics Corp. filed a motion to stay the execution of the judgment in this action pending resolution of Plaintiff Presidio Components, Inc.'s appeal and for the withdrawal of Presidio's writs of execution. (Doc. No. 554.) On February 25, 2019, the Court issued a temporary stay of the judgment pending resolution of ATC's motion. (Doc. No. 556.) On March 25, 2019, Presidio filed a response in opposition to ATC's motion for a stay. (Doc. No. 557.) On April 1, 2019, ATC filed its reply. (Doc. No. 562.)

The Court held a hearing on the matter on April 8, 2019. Gregory F. Ahrens and Brett A. Schatz appeared for Presidio. Heather Repicky appeared for ATC. For the reasons

below, the Court grants ATC's motion to stay the execution of the judgment pending appeal on the condition that ATC post a supersedeas bond.

**Background**

On September 2, 2014, Plaintiff Presidio filed a complaint for patent infringement against Defendant ATC, alleging infringement of U.S. Patent No. 6,816,356 ("the '356 patent"). (Doc. No. 1, Compl.) The '356 patent is entitled "Integrated Broadband Ceramic Capacitor Array." U.S. Patent No. 6,816,356 B2, at 1:1-2 (filed Apr. 14, 2003). The patent issued on November 9, 2004 and claimed priority to an application filed on May 17, 2002. See id. (See Doc. No. 276-3 ¶ 4; Doc. No. 356-1 at 5.)

On December 8, 2015, the United States Patent and Trademark Office issued a reexamination certificate for the '356 patent, amending certain claims of the patent.[1] (Doc. No. 170-2, FAC Ex. 2.) On December 22, 2015, Presidio filed a first amended complaint, alleging infringement of the '356 patent as amended by the reexamination certificate. (Doc. No. 170, FAC.) Specifically, Presidio alleged that ATC's 550 line of capacitors infringes claims 1, 3, 5, 16, 18, and 19 of the '356 patent. (Id. ¶ 26.) On December 22, 2015, ATC filed a second amended answer and counterclaims to the first amended complaint, adding an affirmative defense of absolute and equitable intervening rights and an affirmative defense and counterclaim of unenforceability due to inequitable conduct. (Doc. No. 171.)

On January 12, 2016, the Court denied Presidio's motions for: (1) summary judgment of definiteness; (2) summary judgment of infringement; (3) summary judgment of ATC's equitable affirmative defenses; and (4) summary judgment of no acceptable non-infringing alternatives. (Doc. No. 210.) In the order, the Court also denied ATC's motions for: (1) partial summary judgment of non-infringement; (2) summary judgment of indefiniteness; and (3) summary judgment of no willful infringement. (Id.) On February

---

[1] The PTO previously issued a reexamination certificate for the '356 patent on September 13, 2011. (Doc. No. 170-1, FAC Ex. 1.) This reexamination certificate did not alter any of the claims at issue in the present action. (Id.)

10, 2016, the Court granted ATC's motion for summary judgment of its affirmative defense of absolute intervening rights and held that Presidio is entitled to infringement damages only for the time period following the issuance of the reexamination certificate on December 8, 2015. (Doc. No. 234 at 28.) In that order, the Court also dismissed with prejudice ATC's affirmative defense and counterclaim that the '356 patent is unenforceable due to inequitable conduct. (Id. at 33.)

The Court held a jury trial on Presidio's claim beginning on April 5, 2016. (Doc. No. 297.) On April 18, 2016, the jury returned a verdict finding direct infringement and induced infringement of claims 1, 3, 5, 16, 18, and 19 of the '356 patent by ATC as to all of the accused products in the action: the 550L, the 550S, the 550U, and the 550Z capacitors. (Doc. No. 328 at 2-3.) In addition, the jury found that Presidio had proven by clear and convincing evidence that ATC's infringement of the asserted claims was willful. (Id. at 4.) The jury awarded Presidio $2,166,654 in lost profit damages. (Id.)

On June 17, 2016, the Court issued a memorandum decision finding in favor of Presidio and against ATC on all issues submitted to the Court, including indefiniteness, equitable intervening rights, equitable estoppel, and laches. (Doc. No. 368.) On June 17, 2016, the Court entered judgment in favor of Presidio on all causes of action and awarded Presidio $2,166,654 in damages. (Doc. No. 369.)

Following the Court's entry of judgment, the parties filed various post-trial motions. (Doc. No. 373.) On August 17, 2016, the Court issued an order ruling on the parties' post-trial motions. (Doc. No. 440.) In the order, the Court denied ATC's Rule 50(b) motions for judgment as a matter of law and Rule 59(e) motions for a new trial. (Id. at 7-27.) The Court also granted Presidio's motion for a permanent injunction; denied Presidio's motion for enhanced damages and attorney's fees; and granted Presidio's motion for supplemental damages and interest. (Id. at 27-48.)

The parties cross-appealed to the Federal Circuit. (Doc. Nos. 443, 453.) On November 21, 2017, the Federal Circuit issued an opinion in the case: (1) affirming the Court's finding of definiteness, grant of absolute intervening rights, and denial of enhanced

damages; (2) reversing the award of lost profits and instructing that on remand, the damages award should be limited to a reasonable royalty, and a new trial should be conducted as necessary to determine the reasonable royalty rate; and (3) vacating the permanent injunction and remanding with instructions to consider the relevant evidence and determine whether Plaintiff Presidio has established irreparable injury. Id. at 1384.

Following the Federal Circuit's decision on appeal in this case, on February 14, 2018, the Court held an appeal mandate hearing and a telephonic case management conference. (Doc. No. 464.) On February 16, 2018, the Court issued a scheduling order setting forth dates and deadlines related to a damages retrial. (Doc. No. 466.) On March 22, 2018, the Court issued a scheduling order setting forth dates and deadlines related to Presidio's renewed motion for a permanent injunction. (Doc. No. 470.)

On April 23, 2018, the Court granted the parties' joint motion for the entry of judgment on the reasonable royalty rate for the accused products, and the Court vacated the scheduled damages retrial. (Doc. No. 485.) On August 13, 2018, the Court granted Presidio's renewed motion for a permanent injunction, and the Court entered a permanent injunction. (Doc. Nos. 517, 518.)

On August 15, 2018, the Court entered an amended judgment in favor of Presidio. (Doc. No. 519.) On September 6, 2018, Presidio filed a notice of appeal to the Federal Circuit. (Doc. No. 520.) On September 12, 2018, ATC also filed a notice of appeal to the Federal Circuit. (Doc. No. 521.) On October 30, 2018, the Court granted the parties' joint motion for entry of a second amended judgment, and the Court entered a second amended judgment in favor of Plaintiff Presidio. (Doc. Nos. 537, 538.) In the October 30, 2018 second amended judgment, the Court awarded Presidio $4,352,301 in reasonable royalty damages plus interest and costs. (Doc. No. 538.)

On February 22, 2019, Presidio filed several applications for issuance of a writ of execution. (Doc. Nos. 542-553.) In response, ATC moves for stay of judgment pending resolution of Presidio's appeal and for the withdrawal of the writs of execution. (Doc. No. 554.)

## Discussion

ATC argues that it is entitled to a stay of execution of the judgment in this action without the requirement of a supersedeas bond. (Doc. No. 554 at 2, 6-10.) In the alternative, ATC argues that it should be permitted to post a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(b) to stay execution of the judgment pending appeal. (Id. at 2, 10-11; Doc. No. 562 at 9-10.)

Under Federal Rule of Civil Procedure 62(a), a judgment of a United States District Court becomes enforceable 30 days after the judgment is entered. Fed. R. Civ. P. 62(a); S.D. Cal. Civ. Local Rule 65.1.2(f)(3); see Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001) (interpreting former Rule 62(a) prior to its 2009 and 2018 amendments). "At that time, a prevailing plaintiff is entitled to execute upon a judgment." Columbia Pictures, 259 F.3d at 1197.

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security."[2] Under this rule, a party "may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court." Matter of Combined Metals Reduction Co., 557 F.2d 179, 193 (9th Cir. 1977). "A stay may be obtained under subdivision (b) at any time after judgment is entered." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendments.

"Generally, the 'purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution." Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019, 1027 (9th Cir. 1991) (quoting Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n. 1 (9th Cir. 1987)). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." N.L.R.B. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988).

---

[2] The Court notes that Federal Rule of Civil Procedure 62 was recently amended in 2018. Prior to the 2018 amendments, Federal Rule of Civil Procedure 62(d) was the provision that permitted an appellant to obtain a stay by supersedeas bond. See Fed. R. Civ. P. 62 advisory committee's note to 2018 amendments.

"Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances." Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760 (D.C. Cir. 1980); see Pac. Reinsurance Mgmt., 935 F.2d at 1027.

A district court, however, has "inherent discretionary authority in setting supersedeas bonds," Rachel, 831 F.2d at 1505 n.1, and may exercise its discretion to "waive the bond requirement if it sees fit," Townsend v. Holman Consulting Corp., 881 F.2d 788, 796-97 (9th Cir. 1989), vacated on reh'g on other grounds, 929 F.2d 1358 (9th Cir. 1990) (en banc); see Int'l Telemeter Corp. v. Hamlin Int'l Corp., 754 F.2d 1492, 1495 (9th Cir. 1985). A party seeking a departure from the normal requirement of a full security supersedeas bond bears the burden of showing reasons for such a departure. See Salameh v. Tarsadia Hotel, No. 9-CV-2739, 2015 WL 13158486, at *2 (S.D. Cal. May 19, 2015) (citing Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979)). "[A]n inflexible requirement of a bond would be inappropriate in two sorts of case: where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and . . . where the requirement would put the defendant's other creditors in undue jeopardy." Paula Band of Luiseno Mission Indians v. California, No. 9-CV-1955, 2014 WL 12669557, at *2 (S.D. Cal. Aug. 29, 2014) (quoting Olympia Equip. Leasing, Co. v. W. Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986)).

ATC argues that it is entitled to a stay of execution of the judgment without the requirement of a supersedeas bond because Presidio's appeal from the Court's October 30, 2018 second amended judgment operates as an automatic supersedeas. (Doc. No. 554 at 6-8.) In response, Presidio argues that its current appeal does not provide a basis for a stay because its appeal only seeks to increase the amount of damages owed to it. (Doc. No. 557 at 10-12.)

On September 6, 2018, Presidio filed a notice of appeal to the Federal Circuit from the Court's August 15, 2018 amended judgment and "any additional amended judgments," which would include the Court's October 30, 2018 second amended judgment. (Doc. No.

520.) Some courts from outside the Ninth Circuit have held: "Where the prevailing party in the lower court appeals from that court's judgment, the appeal suspends the execution of the decree. Moreover, where the prevailing party is the first to take an appeal, no supersedeas bond can be required of the losing party when it subsequently files its own appeal, because the execution of the judgment has already been superseded by the prevailing party's appeal." Tennessee Valley Auth. v. Atlas Mach. & Iron Works, Inc., 803 F.2d 794, 797 (4th Cir. 1986); see Price v. Franklin Inv. Co., 574 F.2d 594, 597 (D.C. Cir. 1978). Nevertheless, several other courts have clarified that "a prevailing party's appeal stays the execution of a lower court judgment without bond only when the prevailing party seeks appellate relief that is inconsistent with enforcement of the lower court's judgment." Van v. Wal-Mart Stores, Inc., No. 5:08-CV-05296-PSG, 2015 WL 2345586, at *2 (N.D. Cal. May 14, 2015); see Trustmark Ins. Co. v. Gallucci, 193 F.3d 558, 559 (1st Cir. 1999) ("'[A] prevailing party's appeal suspends enforcement of the judgment only when the theory of the appeal is inconsistent with enforcement in the interim.'"); BASF Corp. v. Old World Trading Co., 979 F.2d 615, 617 (7th Cir. 1992); Enserch Corp. v. Shand Morahan & Co., Inc., 918 F.2d 462, 464 (5th Cir. 1990); Carter v. United States, 333 F.3d 791, 793 (7th Cir. 2003). The Court find the reasoning in these latter decisions persuasive.

Here, although Presidio has appealed from the Court's October 30, 2018 judgment, Presidio's theory of appeal is not inconsistent with enforcement of the Court's judgment. On appeal, Presidio argues that the amount of damages owed to it should be increased. (Doc. No. 557 at 5-10.) Under these circumstances, Presidio's appeal does not suspend enforcement of the judgment. See Enserch, 918 F.2d at 464 (vacating an unsecured stay where the appellant only argued "that the amount of damages should be increased"); Carter, 333 F.3d at 793 (explaining that "the filing of an appeal by the prevailing party does not stay the judgment in his favor" where the appellant is "merely seeking more" damages).

ATC also argues that it is entitled to a stay of execution of the judgment without a bond because of its ability to pay the judgment. (Doc. No. 554 at 9-10 (citing Lewis v.

Cty. of San Diego, No. 13-CV-02818-H-JMA, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018) ("'[A]n inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money.'")).) But, to support this argument, ATC relies on the financial resources of its parent company, AVX Corp. (See id.; Doc. No. 562 at 8-9.) AVX is not a party in this case and is not the named judgment debtor. ATC fails to provide the Court with any evidence showing its own individual financial resources other than a single conclusory statement from its Chief Legal Officer and Director stating that "ATC has sufficient funds to satisfy the Second Amended Judgment." (Doc. No. 562-5, Slavitt Decl. ¶ 3.)

Moreover, even if the Court considered the evidence regarding the financial resources of ATC's parent company, the Court would still decline to exercise its discretion and issue a stay without a bond. The judgment at issue is for $4,352,301 in reasonable royalty damages plus interest and costs. (Doc. No. 538.) Even if the Court were to consider AVX's financial resources, this is not a case where the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money. In sum, the Court declines to exercise its discretion and permit ATC to obtain a stay of the execution of the judgment without a supersedeas bond.

ATC requests, in the event that the Court declines to enter a stay without a bond, that it be permitted to obtain a stay by posting a supersedeas bond pursuant to Rule 62(b). (Doc. No. 554 at 11; Doc. No. 562 at 9-10.) Under Rule 62(b), ATC "may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court." Matter of Combined Metals Reduction, 557 F.2d at 193; see Fed. R. Civ. P. 62(b). As such, pursuant to Rule 62(b), the Court grants ATC's motion to stay the execution of the judgment in this action pending appeal on the condition that ATC post a supersedeas bond of 1.5 times the amount of the October 30, 2018 second amended judgment. See Cotton ex rel. McClure v. City of Eureka, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012) ("'Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required.'").

///

## Conclusion

For the reasons above, the Court grants ATC's motion to stay the execution of the judgment pending appeal on the condition that ATC post a supersedeas of 1.5 times the amount of the October 30, 2018 second amended judgment as of the date of this order, and that the bond is posted within fourteen (14) days from the date this order is filed.

**IT IS SO ORDERED.**

DATED: April 8, 2019

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT