# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN TECHNICAL CERAMICS CORP., <br><br> Defendant. | Case No.: 14-cv-02061-H-BGS <br><br> **ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO VACATE OR STAY PERMANENT INJUNCTION** <br><br> [Doc. No. 571.] |

On January 10, 2020, Defendant American Technical Ceramics Corp. filed a motion to vacate or stay the permanent injunction that was entered in this action. (Doc. No. 571.) On January 24, 2020, Plaintiff Presidio Components, Inc. filed a response in opposition to ATC's motion. (Doc. No. 572.) On January 31, 2020, ATC filed a reply. (Doc. No. 573.)

A hearing on the motion to stay is currently scheduled for Monday, February 10, 2020 at 10:30 a.m. The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court denies ATC's motion to vacate or stay the permanent injunction without prejudice.

///

///

# Background

## I. The Present Action

On September 2, 2014, Plaintiff Presidio filed a complaint for patent infringement against Defendant ATC, alleging infringement of U.S. Patent No. 6,816,356 ("the '356 patent"). (Doc. No. 1, Compl.) The '356 patent is entitled "Integrated Broadband Ceramic Capacitor Array." U.S. Patent No. 6,816,356 B2, at 1:1-2 (filed Apr. 14, 2003). The patent issued on November 9, 2004 and claimed priority to an application filed on May 17, 2002. See id. (See Doc. No. 276-3 ¶ 4; Doc. No. 356-1 at 5.)

On December 8, 2015, the United States Patent and Trademark Office issued a reexamination certificate for the '356 patent, amending certain claims of the patent.[1] (Doc. No. 170-2, FAC Ex. 2.) On December 22, 2015, Presidio filed a first amended complaint, alleging infringement of the '356 patent as amended by the reexamination certificate. (Doc. No. 170, FAC.) Specifically, Presidio alleged that ATC's 550 line of capacitors infringes claims 1, 3, 5, 16, 18, and 19 of the '356 patent. (Id. ¶ 26.) On December 22, 2015, ATC filed a second amended answer and counterclaims to the first amended complaint, adding an affirmative defense of absolute and equitable intervening rights and an affirmative defense and counterclaim of unenforceability due to inequitable conduct. (Doc. No. 171.)

On January 12, 2016, the Court denied Presidio's motions for: (1) summary judgment of definiteness; (2) summary judgment of infringement; (3) summary judgment of ATC's equitable affirmative defenses; and (4) summary judgment of no acceptable non-infringing alternatives. (Doc. No. 210.) In the order, the Court also denied ATC's motions for: (1) partial summary judgment of non-infringement; (2) summary judgment of indefiniteness; and (3) summary judgment of no willful infringement. (Id.) On February 10, 2016, the Court granted ATC's motion for summary judgment of its affirmative defense

---

[1] The PTO previously issued a reexamination certificate for the '356 patent on September 13, 2011. (Doc. No. 170-1, FAC Ex. 1.) This reexamination certificate did not alter any of the claims at issue in the present action. (Id.)

of absolute intervening rights and held that Presidio is entitled to infringement damages only for the time period following the issuance of the reexamination certificate on December 8, 2015. (Doc. No. 234 at 28.) In that order, the Court also dismissed with prejudice ATC's affirmative defense and counterclaim that the '356 patent is unenforceable due to inequitable conduct. (Id. at 33.)

The Court held a jury trial on Presidio's infringement claim beginning on April 5, 2016. (Doc. No. 297.) On April 18, 2016, the jury returned a verdict finding direct infringement and induced infringement of claims 1, 3, 5, 16, 18, and 19 of the '356 patent by ATC as to all of the accused products in the action: the 550L, the 550S, the 550U, and the 550Z capacitors. (Doc. No. 328 at 2-3.) In addition, the jury found that Presidio had proven by clear and convincing evidence that ATC's infringement of the asserted claims was willful. (Id. at 4.) The jury awarded Presidio $2,166,654 in lost profit damages. (Id.)

On June 17, 2016, the Court issued a memorandum decision finding in favor of Presidio and against ATC on all issues submitted to the Court, including indefiniteness, equitable intervening rights, equitable estoppel, and laches. (Doc. No. 368.) On June 17, 2016, the Court entered judgment in favor of Presidio on all causes of action and awarded Presidio $2,166,654 in damages. (Doc. No. 369.)

Following the Court's entry of judgment, the parties filed various post-trial motions, including Presidio's motion for a permanent injunction. (Doc. No. 373.) On August 17, 2016, the Court issued an order ruling on the parties' post-trial motions. (Doc. No. 440.) In the order, the Court denied ATC's Rule 50(b) motions for judgment as a matter of law and Rule 59(e) motions for a new trial. (Id. at 7-27.) The Court also granted Presidio's motion for a permanent injunction; denied Presidio's motion for enhanced damages and attorney's fees; and granted Presidio's motion for supplemental damages and interest. (Id. at 27-48.) In granting Presidio's motion for a permanent injunction, the Court denied ATC's request to stay the injunction pending appeal, but included a 90-day sunset provision in the injunction. (Id. at 38-39.) On August 27, 2016, the Court entered the permanent injunction. (Doc. No. 441.)

The parties cross-appealed to the Federal Circuit. (Doc. Nos. 443, 453.) On October 21, 2016, the Federal Circuit granted a stay of the injunction until March 17, 2017 with respect to ATC's customers that purchased the infringing capacitors prior to June 17, 2016. Presidio Components, Inc. v. Am. Tech. Ceramics Corp., 875 F.3d 1369, 1375 (Fed. Cir. 2017) ("Presidio II"). On November 21, 2017, the Federal Circuit issued an opinion in the above case: (1) affirming the Court's finding of definiteness, grant of absolute intervening rights, and denial of enhanced damages; (2) reversing the award of lost profits and instructing that on remand, the damages award should be limited to a reasonable royalty, and a new trial should be conducted as necessary to determine the reasonable royalty rate; and (3) vacating the permanent injunction and remanding with instructions to consider the relevant evidence and determine whether Presidio has established irreparable injury. Id. at 1384.

Following the Federal Circuit's decision on appeal in this case, on February 14, 2018, the Court held an appeal mandate hearing and a telephonic case management conference. (Doc. No. 464.) On February 16, 2018, the Court issued a scheduling order setting forth dates and deadlines related to a damages retrial. (Doc. No. 466.) On March 22, 2018, the Court issued a scheduling order setting forth dates and deadlines related to Presidio's renewed motion for a permanent injunction. (Doc. No. 470.)

On April 23, 2018, the Court granted the parties' joint motion for the entry of judgment on the reasonable royalty rate for the accused products, and the Court vacated the scheduled damages retrial. (Doc. No. 485.) On August 13, 2018, the Court granted Presidio's renewed motion for a permanent injunction, and the Court entered a permanent injunction. (Doc. Nos. 517, 518.)

On August 15, 2018, the Court entered an amended judgment in favor of Presidio. (Doc. No. 519.) On September 6, 2018, Presidio filed a notice of appeal to the Federal Circuit. (Doc. No. 520.) On September 12, 2018, ATC also filed a notice of appeal to the Federal Circuit. (Doc. No. 521.) On October 30, 2018, the Court granted the parties' joint motion for entry of a second amended judgment, and the Court entered a second amended

judgment in favor of Plaintiff Presidio on all causes of action and awarded Presidio a reasonable royalty rate of $0.25 per unit for each 550 capacitor sold by Defendant from December 8, 2015 through August 16, 2018 in the amount due to Plaintiff by Defendant of $4,352,301, plus interest and costs as previously awarded by the Court and as allowed by law. (Doc. Nos. 537, 538.)

On November 13, 2019, the Federal Circuit summarily affirmed the Court's judgment and permanent injunction. (Doc. No. 570.) On January 10, 2020, the Court held an appeal mandate hearing. (Doc. No. 569.) ATC represents that it satisfied the final judgment in this action in full on January 15, 2020. (Doc. No. 573 at 8.) By the present motion, ATC requests that the Court vacate or stay the August 13, 2018 permanent injunction pending the resolution of the current *ex parte* reexamination proceedings for the '356 patent.

## II. The Reexamination Proceedings at Issue

On April 20, 2018, ATC filed a request for *ex parte* reexamination of the asserted claims of the '356 patent with the United States Patent and Trademark Office. (Doc. No. 571-6, Ex. 5.) On May 23, 2018, the PTO issued a decision granting ATC's request for *ex parte* reexamination of the '356 patent. (Doc. No. 571-7, Ex. 6.)

On April 17, 2019, the PTO Examiner issued a final office action, rejecting the asserted claims of the '356 patent as anticipated under pre-AIA 35 U.S.C. § 102(b) by the 1999 MLC Catalog. (Doc. No. 517-9, Ex. 8 at 4-5.) On June 17, 2019, Presidio filed a response to the Final Office Action. (Doc. No. 517-10, Ex. 9.) On July 2, 2019, the PTO Examiner issued an Advisory Action, stating that Presidio's June 17, 2019 proposed response failed to overcome the rejections in the April 17, 2019 Final Office Action. (Doc. No. 517-11, Ex. 10.)

On August 19, 2019, Presidio filed a notice of appeal, appealing the Examiner's rejection to the Patent Trial and Appeal Board. (Doc. No. 571-13, Ex. 12.) Presidio's

appeal before the PTAB is now fully briefed and is awaiting a final ruling from the PTAB.[2] (See Doc. No. 571-14, Ex. 13; Doc. No. 571-15, Ex. 14; Doc. No. 573-5, Ex. 18.)

## Discussion

**I.      Legal Standards**

A.      <u>Legal Standards Governing Permanent Injunctions</u>

The Patent Act provides a patentee with the "right to exclude others from making, using, offering for sale, or selling the [patented] invention." 35 U.S.C. § 154(a)(1). "In furtherance of this right to exclude, district courts 'may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable.'" <u>Apple Inc. v. Samsung Elecs. Co.</u>, 809 F.3d 633, 638 (Fed. Cir. 2015) (quoting 35 U.S.C. § 283).

For a permanent injunction to issue, the party requesting the injunction must demonstrate that: (1) it has suffered an irreparable injury; (2) legal remedies, such as money damages, are inadequate to compensate for that injury; (3) the balance of hardships warrants an injunction; and (4) the public interest would not be disserved by an injunction. <u>eBay Inc. v. MercExchange, LLC</u>, 547 U.S. 388, 391 (2006); <u>Nichia Corp. v. Everlight Americas, Inc.</u>, 855 F.3d 1328, 1341 (Fed. Cir. 2017). The Federal Circuit has explained that "[t]his analysis proceeds with an eye to the 'long tradition of equity practice' granting 'injunctive relief upon a finding of infringement in the vast majority of patent cases.'" <u>Presidio Components, Inc. v. Am. Tech. Ceramics Corp.</u>, 702 F.3d 1351, 1362 (Fed. Cir. 2012) ("<u>Presidio I</u>"); see also <u>Robert Bosch LLC v. Pylon Mfg. Corp.</u>, 659 F.3d 1142, 1149 (Fed. Cir. 2011) ("Although <u>eBay</u> abolishes our general rule that an injunction normally will issue when a patent is found to have been valid and infringed, . . . it does not follow that courts should entirely ignore the fundamental nature of patents as property rights granting the owner the right to exclude."). "The decision to grant or deny permanent

---

[2]     The parties estimate that a final ruling from the PTAB should issue around August 2020. (See Doc. No. 572 at 2, 4-5; Doc. No. 572-1, Ex. A at 14.)

injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." eBay, 547 U.S. at 391.

B. Legal Standards Governing Modification of a Permanent Injunction

Federal Rule of Civil Procedure 60(b)(5) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) . . . applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Rule 60(b)(5) "codifies the courts' traditional authority, 'inherent in the jurisdiction of the chancery,' to modify or vacate the prospective effect of their decrees." Bellevue Manor Assocs. v. United States, 165 F.3d 1249, 1252 (9th Cir. 1999).

"[I]n order to grant a Rule 60(b)(5) motion to modify a court order, a district court must find 'a significant change either in factual conditions or in law.'" S.E.C. v. Coldicutt, 258 F.3d 939, 942 (9th Cir. 2001) (quoting Rufo v. Inmates of Suffolk Cty. Jail, 502 U.S. 367, 384 (1992)). "The district court must then determine whether the proposed modification is suitably tailored to resolve the problems created by the changed factual or legal conditions." United States v. Asarco Inc., 430 F.3d 972, 979 (9th Cir. 2005). This is "a general, flexible standard." Bellevue Manor, 165 F.3d at 1255. And the district court should "take all the circumstances into account." Id. at 1256.

"Modification 'may be warranted when changed factual conditions make compliance with the decree substantially more onerous. . . . Modification is also appropriate when a decree proves to be unworkable because of unforeseen obstacles, or when enforcement of the decree without modification would be detrimental to the public interest.'" Coldicutt, 258 F.3d at 942 (quoting Rufo, 502 U.S. at 384). "Relief from a court order should not be granted, however, simply because a party finds 'it is no longer convenient to live with the terms' of the order." Id. (quoting Rufo, 502 U.S. at 383).

The party seeking relief under Rule 60(b)(5) "bears the burden of establishing that a significant change in circumstances warrants revision of the decree." Rufo, 502 U.S. at 383. A district court's determination of a Rule 60(b)(5) motion is reviewed for abuse of

discretion.  See Coldicutt, 258 F.3d at 941.

## II. Analysis

ATC argues that the Examiner's final rejection in the *ex parte* reexamination proceedings of all of the asserted claims of the '356 patent as anticipated by the 1999 MLC Catalog constitutes significant changed circumstances warranting vacatur of the Court's August 13, 2018 permanent injunction. (Doc. No. 571 at 9-14.) ATC argues that because the validity of the asserted claims of the '356 patent is extremely suspect in light of the current status of the reexamination proceedings, it is no longer equitable to for the Court to continue to enjoin ATC. (Id. at 14.) ATC argues, therefore, the permanent injunction should be vacated or stayed until such time that Presidio can reverse the current finding in the PTO that the claims of the '356 patent are invalid. (Doc. No. 571 at 14; Doc. No. 573 at 1.)

In response, Presidio argues ATC's motion should be denied because ATC has failed to demonstrate a significant change in circumstances.  Presidio argues that the *ex parte* reexamination is still in its early stages with an appeal before the PTAB currently pending, and the potential for a subsequent appeal to the Federal Circuit still remaining. (Doc. No. 572 at 1, 7.)  Presidio also argues that it has demonstrated that the reexamination request will likely fail on the merits. (Id. at 7-9.)  In addition, Presidio argues that it would suffer irreparable harm if the Court were to vacate or stay the permanent injunction. (Id. at 9-12.)

After reviewing the parties' arguments and the record in this action and in the reexamination proceedings, the Court acknowledges that the Examiner's April 17, 2019 Final Office Action in the *ex parte* reexamination proceedings rejecting all of the asserted claims of the '356 patent as anticipated by the 1999 MLC Catalog represents a change in the circumstances of this case.  Nevertheless, upon reweighing the eBay factors and the equities in this case, the Court declines to vacate or stay the permanent injunction at this time.  Presidio's appeal of the Examiner's decision is fully briefed and is pending before the PTAB. (See Doc. No. 571-14, Ex. 13; Doc. No. 571-15, Ex. 14; Doc. No. 573-5, Ex. 18.)  Both parties estimate that the PTAB should issue a final decision in the appeal around

August 2020, which is only six months away. (See Doc. No. 572 at 2, 4-5; Doc. No. 572-1, Ex. A at 14.) In light of this, the Court, exercising its sound discretion, concludes that the prudent course is to deny ATC's motion to vacate or stay the permanent injunction for now without prejudice to ATC renewing its motion upon a final decision by the PTAB on Presidio's appeal.

## **Conclusion**

For the reasons below, the Court denies ATC's motion to vacate or stay the permanent injunction without prejudice to ATC renewing its motion upon a final decision by the PTAB in the *ex parte* reexamination proceedings.

**IT IS SO ORDERED.**

DATED: February 5, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT