# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN TECHNICAL CERAMICS CORP., <br><br> Defendant. | Case No.: 14-cv-02061-H-BGS <br><br> **ORDER GRANTING JOINT MOTION TO DISSOLVE AUGUST 13, 2018 PERMANENT INJUNCTION** <br><br> [Doc. No. 576.] |

On September 2, 2014, Plaintiff Presidio filed a complaint for patent infringement against Defendant ATC, alleging infringement of U.S. Patent No. 6,816,356 ("the '356 patent"). (Doc. No. 1, Compl.) The '356 patent is entitled "Integrated Broadband Ceramic Capacitor Array." U.S. Patent No. 6,816,356 B2, at 1:1-2 (filed Apr. 14, 2003). The patent issued on November 9, 2004 and claimed priority to an application filed on May 17, 2002. See id. (See Doc. No. 276-3 ¶ 4; Doc. No. 356-1 at 5.)

On December 8, 2015, the United States Patent and Trademark Office issued a reexamination certificate for the '356 patent, amending certain claims of the patent.[1] (Doc.

---

[1] The PTO previously issued a reexamination certificate for the '356 patent on September 13, 2011. (Doc. No. 170-1, FAC Ex. 1.) This reexamination certificate did not alter any of the claims at issue in this action. (Id.)

No. 170-2, FAC Ex. 2.)  On December 22, 2015, Presidio filed a first amended complaint, alleging infringement of the '356 patent as amended by the reexamination certificate.  (Doc. No. 170, FAC.)  Specifically, Presidio alleged that ATC's 550 line of capacitors infringes claims 1, 3, 5, 16, 18, and 19 of the '356 patent.  (Id. ¶ 26.)  On December 22, 2015, ATC filed a second amended answer and counterclaims to the first amended complaint, adding an affirmative defense of absolute and equitable intervening rights and an affirmative defense and counterclaim of unenforceability due to inequitable conduct.  (Doc. No. 171.)

On January 12, 2016, the Court denied Presidio's motions for: (1) summary judgment of definiteness; (2) summary judgment of infringement; (3) summary judgment of ATC's equitable affirmative defenses; and (4) summary judgment of no acceptable non-infringing alternatives.  (Doc. No. 210.)  In the order, the Court also denied ATC's motions for: (1) partial summary judgment of non-infringement; (2) summary judgment of indefiniteness; and (3) summary judgment of no willful infringement.  (Id.)  On February 10, 2016, the Court granted ATC's motion for summary judgment of its affirmative defense of absolute intervening rights and held that Presidio is entitled to infringement damages only for the time period following the issuance of the reexamination certificate on December 8, 2015.  (Doc. No. 234 at 28.)  In that order, the Court also dismissed with prejudice ATC's affirmative defense and counterclaim that the '356 patent is unenforceable due to inequitable conduct.  (Id. at 33.)

The Court held a jury trial on Presidio's infringement claim beginning on April 5, 2016.  (Doc. No. 297.)  On April 18, 2016, the jury returned a verdict finding direct infringement and induced infringement of claims 1, 3, 5, 16, 18, and 19 of the '356 patent by ATC as to all of the accused products in the action: the 550L, the 550S, the 550U, and the 550Z capacitors.  (Doc. No. 328 at 2-3.)  In addition, the jury found that Presidio had proven by clear and convincing evidence that ATC's infringement of the asserted claims was willful.  (Id. at 4.)  The jury awarded Presidio $2,166,654 in lost profit damages.  (Id.)

On June 17, 2016, the Court issued a memorandum decision finding in favor of

Presidio and against ATC on all issues submitted to the Court, including indefiniteness, equitable intervening rights, equitable estoppel, and laches. (Doc. No. 368.) On June 17, 2016, the Court entered judgment in favor of Presidio on all causes of action and awarded Presidio $2,166,654 in damages. (Doc. No. 369.)

Following the Court's entry of judgment, the parties filed various post-trial motions, including Presidio's motion for a permanent injunction. (Doc. No. 373.) On August 17, 2016, the Court issued an order ruling on the parties' post-trial motions. (Doc. No. 440.) In the order, the Court denied ATC's Rule 50(b) motions for judgment as a matter of law and Rule 59(e) motions for a new trial. (Id. at 7-27.) The Court also granted Presidio's motion for a permanent injunction; denied Presidio's motion for enhanced damages and attorney's fees; and granted Presidio's motion for supplemental damages and interest. (Id. at 27-48.) In granting Presidio's motion for a permanent injunction, the Court denied ATC's request to stay the injunction pending appeal, but included a 90-day sunset provision in the injunction. (Id. at 38-39.) On August 27, 2016, the Court entered the permanent injunction. (Doc. No. 441.)

The parties cross-appealed to the Federal Circuit. (Doc. Nos. 443, 453.) On October 21, 2016, the Federal Circuit granted a stay of the injunction until March 17, 2017 with respect to ATC's customers that purchased the infringing capacitors prior to June 17, 2016. Presidio Components, Inc. v. Am. Tech. Ceramics Corp., 875 F.3d 1369, 1375 (Fed. Cir. 2017) ("Presidio II"). On November 21, 2017, the Federal Circuit issued an opinion in the above case: (1) affirming the Court's finding of definiteness, grant of absolute intervening rights, and denial of enhanced damages; (2) reversing the award of lost profits and instructing that on remand, the damages award should be limited to a reasonable royalty, and a new trial should be conducted as necessary to determine the reasonable royalty rate; and (3) vacating the permanent injunction and remanding with instructions to consider the relevant evidence and determine whether Presidio has established irreparable injury. Id. at 1384.

Following the Federal Circuit's decision on appeal in this case, on February 14, 2018, the Court held an appeal mandate hearing and a telephonic case management conference. (Doc. No. 464.) On February 16, 2018, the Court issued a scheduling order setting forth dates and deadlines related to a damages retrial. (Doc. No. 466.) On March 22, 2018, the Court issued a scheduling order setting forth dates and deadlines related to Presidio's renewed motion for a permanent injunction. (Doc. No. 470.)

On April 23, 2018, the Court granted the parties' joint motion for the entry of judgment on the reasonable royalty rate for the accused products, and the Court vacated the scheduled damages retrial. (Doc. No. 485.) On August 13, 2018, the Court granted Presidio's renewed motion for a permanent injunction, and the Court entered a permanent injunction. (Doc. Nos. 517, 518.)

On August 15, 2018, the Court entered an amended judgment in favor of Presidio. (Doc. No. 519.) On September 6, 2018, Presidio filed a notice of appeal to the Federal Circuit. (Doc. No. 520.) On September 12, 2018, ATC also filed a notice of appeal to the Federal Circuit. (Doc. No. 521.) On October 30, 2018, the Court granted the parties' joint motion for entry of a second amended judgment, and the Court entered a second amended judgment in favor of Plaintiff Presidio on all causes of action and awarded Presidio a reasonable royalty rate of $0.25 per unit for each 550 capacitor sold by Defendant from December 8, 2015 through August 16, 2018 in the amount due to Plaintiff by Defendant of $4,352,301, plus interest and costs as previously awarded by the Court and as allowed by law. (Doc. Nos. 537, 538.)

On November 13, 2019, the Federal Circuit summarily affirmed the Court's judgment and the Court's permanent injunction. (Doc. No. 570.) On January 10, 2020, the Court held an appeal mandate hearing. (Doc. No. 569.) ATC has represented that it satisfied the final judgment in this action in full on January 15, 2020. (Doc. No. 573 at 8.)

By the present motion, the parties jointly move for the Court to dissolve the August 13, 2018 permanent injunction. (Doc. No. 576.) In the motion, the parties explain that they "have resolved fully and finally their disputes related to, among other things, the '356

patent and the 550 series of capacitors." (Id. at 2.) In light of this resolution, the parties have agreed to release ATC from the August 13, 2018 permanent injunction and request that the Court enter an order dissolving the injunction. (Id.) The parties argue that, given the parties' stipulations and agreements, the permanent injunction should be dissolved pursuant to Federal Rule of Civil Procedure 60(b)(5) or 60(b)(6). (Id.) As such, for good cause shown, the Court grants the parties' joint motion, and the Court dissolves the August 13, 2018 permanent injunction. See Fed. R. Civ. P. 60(b)(5); SEC v. Coldicutt, 258 F.3d 939, 942 (9th Cir. 2001).

**IT IS SO ORDERED.**

DATED: November 9, 2020

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT